## REEVES v. AMERICAN HOMES CORPORATION.
No. 2077.

Court of Record, Brevard County.

December 29, 1965.

Howard S. Reiss of Waterhouse & Reiss, Orlando, for plaintiff.

Moore & Amari, Merritt Island, for defendant.

JOE A. COWART, Jr., Judge.

This cause coming on this day for hearing upon the motion of the corporate defendant under rule 1.38 of the 1954 Rules of Civil Procedure to set aside the judgment entered herein on September 21, 1965, final consequent upon default for want of proper pleading, and the court having considered said motion, the two affidavits attached thereto, and the affidavit and report from the secretary of state attached to the plaintiff's motion to quash the defendant's motion and argument of counsel, finds as follows —

Service of process on the defendant corporation was made by delivery of complaint and summons upon "John Genoni, Jr., Pres." on August 18, 1965. Thereafter final judgment was duly entered following failure of the defendant to plead within the time allotted by law and the rules of this court.

There is no suggestion of any technical procedural deficiencies in the entry of the default or the judgment, or of any fraud, misrepresentation or other misconduct of the plaintiff. The sole contention is that the judgment is void because of insufficiency of service of process.

With its motion the defendant has filed two affidavits, one by John P. Genoni, Jr., and the other by Joseph J. Sambataro, both of which affirm the fact that Genoni was president of the defendant corporation until January 13, 1965, on which date he resigned and that Sambataro then succeeded him as president, and from and after that date Genoni — "did terminate all affiliation of any nature whatsoever with the said corporation, either as an officer, director, stockholder, employee or otherwise."

In opposition to the motion being considered, the plaintiff filed a motion to quash, to which is attached an affidavit verifying the receipt of an attached communication from the office of the secretary of state dated November 8, 1965, indicating that the records in the office show John Geroni, Jr. to be the president of the defendant corporation.

The three affidavits and the report from the secretary of state constitute all the evidence presented by the parties to the court to resolve the factual questions necessarily involved in a ruling on the motion to vacate the final judgment.

While it might be argued that the evidence before the court on the fact in issue on the motion, that is, the relationship of Genoni to the defendant corporation on the date of service, is not clear and convincing but is in conflict with the sheriff's return and the records of the secretary of state indicating that Genoni was president and the two affidavits attached to the motion indicating to the contrary, as a practical matter it is obvious, and the court finds, that Genoni did resign as president on January 13, 1965, but that the change in the corporation management was not reported to the secretary of state and that the deputy sheriff serving the process, having no personal knowledge of Genoni's relationship to the defendant corporation but following the plaintiff's attorney's instructions, served him over his objection that he was no longer president of the defendant corporation.

The question initially presented, therefore, is — Is service of process on a corporation valid when served upon a person who in

fact has resigned as an officer of the corporation although the corporation has failed to report such change in its management to the secretary of state as required by statute?

A corporation, being an artificial entity, cannot be personally served with process, and can be served only through an officer or agent of the company or someone designated by law to receive service of process in its behalf. §47.17, Florida Statutes, designates officers and agents of corporations upon whom process against corporations may be served and the order in which service must be attempted. When the officer or agent upon whom service of process in an action against the corporation may be made is specified by statute, service must be made upon that particular officer or agent; otherwise the service is insufficient. Generally, the validity of service upon an alleged officer or agent of a corporation is determined by the relationship of such person to the corporation at the time of the service of process, and not by his relationship to the corporation at any other period either before or after service.

A corporation officer has an unqualified right at common law to resign at will and his resignation is effective without acceptance by the corporation or the state. There appears to be no statutory limitation in Florida upon the right and power of a corporate officer to resign his office other than the provision in §608.40 to the effect that the president, secretary and treasurer "shall serve until their successors are chosen and qualify." This limitation appears to have no application in the instant case because Genoni's successor, Sambataro, apparently immediately succeeded Genoni upon his resignation on January 13, 1965.

The resignation of an officer of a private corporation terminates his position and status, and service of process on such resigned officer is not service on the corporation. See Western Pattern & Mfg. Co. v. Am. Metal Shoe Co., 175 Wisc. 493, 185 N.W. 535, 20 A.L.R. 264.

§608.32 requires all corporations to file with the secretary of state on or before July 1 of each year a sworn report giving, among other things, the names and addresses of each officer. The defendant corporation failed to file such a report on July 1, 1965, showing the change in the office of its president. It is the custom in Florida for the attorneys for plaintiffs to obtain from the secretary of state information as to the officers of a defendant corporation and furnish such information to the sheriff for service of process upon such officers pursuant to §47.17. The plaintiff here contends that the resignation of Genoni is ineffective, insofar as service of process upon him as an officer of the corporation is concerned, until his resignation is reported to the secretry of state pursuant to this statute or, in the alternative, that the corporation is, in effect, estopped

from asserting his resignation to defeat service of process upon it because of its own failure to comply with this statute.

While the position of the plaintiff is understandable and the failure of a corporation to file such an annual report is an imposition upon the right of the public to obtain information for the purpose of service of process upon the officers of a corporation and for other legitimate purposes, nevertheless, the statute itself does not appear to be a limitation upon the right of an officer to resign; nor to cause service of process upon such resigned officer to be effective. It is the opinion of this court that notwithstanding the failure of a corporation to report the resignation of one of its officers to the secretary of state as required by §608.32, the resignation of such officer can be effective, and that service of process upon him as such officer after the date of his resignation is not valid service upon the corporation.

The plaintiff also contends Genoni was a de facto officer, citing 7 Fla. Jur., Corporations, §262, page 558, and that he had apparent or ostensible authority, citing 7 Fla. Jur., Corporations, §264, pp. 560, 561, for service upon him as president to bind the defendant. However, the failure to notify the office of the secretary of state would not, standing above, be sufficient to factually support these theories, and the court finds them inapplicable under the facts before it.

However, the report from the office of the secretary of state also indicates that John Genoni, Jr. was the resident agent of the defendant corporation named in the last report to the secretary of state. Although the law has changed several times in Florida in the past, it now appears from subsection 7 of §47.17 that the provisions of that section are cumulative to all existing laws and do not apply to service of process on a resident agent. Process against a private corporation may be effected by service upon its officers or agents in the order of precedence set forth in §47.17 or, in the alternative upon the corporation's resident agent named pursuant to §608.32(1)(c), pursuant to §608.38, and §§47.34 - 47.37. The latter provisions are also made cumulative to any other statutes or laws providing for the service of process upon corporations by §47.44.

The next question posed is whether or not service of process upon John Genoni, Jr., although not valid as service upon him as president because of his resignation as such president, might be valid as service upon him as resident agent of the corporation notwithstanding that the sheriff's return was upon him as "Pres."? A similar question was presented to the Supreme Court of Florida in Largay Enterprises Inc. v. Berman, 1952, 61 So.2d 366, wherein the court referred to the fact that it is the service of the writ and not the

sheriff's return which gives the court jurisdiction over the defendant, and held that although service on George H. Largay, Jr., "as a Director" might not be valid because the evidence showed that George H. Largay, Jr., was not an officer or director of the corporate defendant at the time service was had upon him, nevertheless the evidence did show that he was an agent transacting business for the corporation in the state, another classification designated by §47.17, and that the service of the summons on George H. Largay, Jr., was a valid service of process on the corporate defendant as a matter of fact, and the return of the sheriff could be amended to speak the truth. Therefore, it is the opinion of this court that, in like manner, service of process in this case on John Genoni, Jr., while not effective upon him as president was valid service of process upon him as resident agent of the defendant corporation and was valid service of process on the corporate defendant as a matter of fact.

The next question posed is whether or not John Genoni, Jr., was resident agent of the defendant corporation on August 13, 1965, notwithstanding the defendant's two affidavits indicating that he, on January 13, 1965, terminated every affiliation of any nature with the defendant corporation. Assuming this language indicated that John Genoni, Jr., intended to also resign as resident agent on January 13, 1965, was his resignation effective? Unlike the resignation of an officer of a private corporation, there is a clear statutory provision relating to the manner and effectiveness of the resignation of a resident agent designated by a corporation as agent upon whom process may be served. §47.50 provides that at the expiration of 30 days after filing with the secretary of state of a signed notice by the resident agent that he is unwilling to continue to act as such agent for such corporation and proof of mailing of such notice to the corporation, the capacity of such agent shall terminate. There is no evidence before the court that Genoni ever followed the procedure provided by this statute. The case of Rever v. Lapidus, Fla. 1963, 151 So.2d 61, holds that until this procedure is followed, a resident agent cannot unilaterally resign or remove himself.

Rule 1.38(b), Florida Rules of Civil Procedure, grants broad authority to the court to relieve a party from final judgments under specific circumstances. In cases of reasonable doubt trial judges are liberal in opening judgments so as to permit a determination of the controversy upon the merits, but they should not be so liberal as to distort the facts or disregard the general law as they know it to be binding on them in order to find a reasonable doubt and do what might be considered substantial justice in a particular case. There is no doubt Genoni was the resident agent duly designated by the defendant corporation for the service of process upon itself and that he was such agent on the day he was served with process

herein. It is unfortunate that he focused his attention upon the fact that he knew he had resigned as president of the defendant corporation and that he did not recall his acceptance of his duties as resident agent and that he did not know, or seek competent counsel to learn, the proper method of relieving himself of such duties and that he "dismissed the matter from his mind". Service of process in a law suit is not such a common, everyday occurrence that it can be lightly disregarded by a layman because of his personal belief as to its ineffectiveness or effect — and this is especially true as to one who has assumed the duties of a resident agent upon whom process may be served. The defendant corporation is also presumed to know the law and had ample opportunity to designate and substitute another resident agent if it had cared to do so.

It is unnecessary to consider other questions raised by the plaintiff relating to the impeachment of the sheriff's return and to the necessity, upon a motion under rule 1.38, for the defaulting party to tender a pleading showing a meritorious defense and to offer to go to trial at the earliest possible date on the merits.

Accordingly, it is ordered and adjudged that the motion of the defendant to set aside the judgment entered herein on September 21, 1965 is denied.