OTT, Chief Judge.
Default final judgment was entered against appellee D.L. Small Corporation in favor of appellee Insurance Company of North America. Default judgment in garnishment based on that final judgment was entered against appellant. Appellant attacks service of process in both instances; we reverse the judgment in garnishment only.
The sheriff’s return of service indicates that the writ of garnishment was individually served on appellant. The deputy effecting service did not testify at the hearing on appellant’s motion for relief from judgment. The correctness of the service was not supported by anything other than the facial validity of the return itself. On the other hand, appellant testified that he knew the deputy who signed the return of service, that he had never been served with a copy of the writ of garnishment, and that he learned of the existence of the writ of garnishment only after receiving a copy of the judgment in the mail from his attorney. Appellant’s wife testified that she works part-time in her husband’s business. She was also quite familiar with the deputy and had, in the past, been served by the deputy in question. She testified unequivocally that she had not been served with the writ of garnishment in this case.
A sheriff’s return of service is presumptively correct, and the invalidity of same can only be established by clear and convincing evidence. See Winky’s, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1970). We hold that the testimony of appellant and his wife meets this test, was sufficient to impeach the sheriff’s return, and requires the setting aside of the default judgment in garnishment. This accords with the liberal policy followed by the courts of this state in setting aside defaults to allow a trial on the merits where reasonable doubt exists. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962).
The default judgment in garnishment is VACATED and the case REMANDED for further consideration consistent with this opinion.
SCHEB and SCHOONOVER, JJ., concur.