467 So.2d 737 (1985)
SPACE COAST CREDIT UNION, etc., Appellant,
v.
THE FIRST, F.A., etc., et al., Appellees.
No. 84-1484.
District Court of Appeal of Florida, Fifth District.
March 28, 1985.
Rehearing Denied April 26, 1985.
*738 Bruce A. Nants, Orlando, for appellant.
Terry C. Young and James J. Loveless, Jr., of Giles, Hedrick & Robinson, P.A., Orlando, for appellee, The First, F.A.
COWART, Judge.
This appeal involves the question of whether a writ of garnishment defectively served by a non-authorized process server upon an employee of the garnishee can perfect a court's subject matter jurisdiction.
Space Coast Credit Union, as judgment creditor, sought to garnish the judgment debtor's interest in a checking account at the appellee bank (the garnishee). The judgment creditor filed a motion for writ of garnishment, and the writ of garnishment was issued by the clerk of the court. The writ was not served by the sheriff or by a special process server appointed by the sheriff or by the court. Also, the writ was delivered to a lower echelon employee of the garnishee bank who was not authorized to accept service of process and on the day service of process was attempted there were officers of the garnishee bank on the premises as well as business agents and directors. The garnishee failed to file an answer to the writ and a default judgment was entered against the garnishee.
Eighteen months after the final default judgment, the garnishee moved for relief from judgment, apparently under Florida Rule of Civil Procedure 1.540(b). The garnishee alleged the default judgment was void because the service of process was defective. The trial court found that the service of process was defective and the judgment creditor had made no attempt to collect the judgment until after one year from entry of the final default judgment. The trial court found that enforcement of the judgment against the garnishee would constitute an inequitable result and vacated the final default judgment. The judgment creditor appeals.
Florida Rule of Civil Procedure 1.540 states that all motions for relief from judgment must be filed within a reasonable time and in some situations not more than one year after the judgment was entered. However, if a judgment or decree is void or it is no longer equitable that the judgment or decree should have prospective application, the one year limitation does not apply. *739 This court and other Florida courts, both before and after the adoption of Florida Rule of Civil Procedure 1.540(b), have stated that a void judgment may be attacked "at any time" because a void judgment creates no binding obligation upon the parties, is legally ineffective, and is a nullity. See Watkins v. Johnson, 139 Fla. 712, 191 So. 2 (1939); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Whigham v. Whigham, 464 So.2d 674 (Fla. 5th DCA 1985); Florida Power & Light Co. v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982); Tucker v. Dianne Elect., Inc., 389 So.2d 683 (Fla. 5th DCA 1980); T.J.K. v. N.B., 237 So.2d 592 (Fla. 4th DCA 1970). See also DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984) (where judgment is void, there is no time limitation under Rule 1.540(b)).
Although a garnishment proceeding is ancillary or collateral to the main action establishing the debt, a garnishment proceeding, like an attachment proceeding, is separate and distinct from the main action. See Caldwell v. People's Bank of Sanford, 73 Fla. 1165, 75 So. 848 (1917). The writ of garnishment is the process a copy of which must be delivered to the person to be served. H. Trawick, Florida Practice and Procedure § 33-3 (1984 Ed.). The writ must be delivered to the sheriff and is served on the garnishee in the same manner as other process is served. Id.
A court's subject matter jurisdiction must be properly invoked and perfected. Jurisdiction is perfected by a proper service of sufficient process on all indispensable parties, and this service of process gives the court jurisdiction of the parties. See Florida Power and Light Co. v. Canal Authority, supra, at 424. In a garnishment proceeding, jurisdiction over the defendant garnishee is obtained by service on him, actual or constructive, or by his appearance. If the court fails to acquire jurisdiction over the defendant in the proper manner, its judgment is void. See Johnson v. Clark, 145 Fla. 258, 198 So. 842 (1940); McGhee v. Wilkins, 31 Fla. 83, 12 So. 228 (1893).
In this case, the judgment creditor attempted actual service of process on the garnishee. Section 48.021, Florida Statutes (1983), states that all process shall be served by the sheriff of the county where the person to be served is found or by a special process server appointed by the sheriff, except for witness subpoenas which may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age (Fla.R.Civ.P. 1.410(c)). Fla.R.Civ.P. 1.070(b) also gives the court discretion to appoint a competent, disinterested person to serve the process. In the instant case, an agent of the judgment creditor's counsel (an agent actually employed by Trans-State Subpoena Service) made the physical delivery of the writ of garnishment to the lower echelon employee of the garnishee bank. The agent's return affidavit was a form affidavit used to prove service of a witness subpoena. The record on appeal does not indicate that process was served in compliance with the requirements of section 48.021 or by court order pursuant to Florida Rule of Civil Procedure 1.070(b). Additionally, the service of process was invalid because it was not in compliance with section 48.081, Florida Statutes (1983), which requires that service of process first be attempted on the president or vice-president of a corporation and only in their absence may other corporate functionaries as described in the statute be served. The record indicates that the writ of garnishment was delivered to the garnishee's employee who was not a registered agent on whom process could be served (§ 48.091, Florida Statutes)[1] and no attempt was made to deliver the writ to the corporate president or vice-president or the other corporate functionaries as required by statute. An affidavit showing service upon an inferior officer or agent of a corporation, in order to bind the corporation for *740 jurisdictional purposes must show the absence of all the officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. If this requirement is not met, a court's jurisdiction is not perfected, and any judgment entered thereon is void. See Milton Land and Investment Co. v. Our Home Life Ins. Co., 81 Fla. 227, 87 So. 636 (1921) (return of service on mere agent of corporation without showing absence of officers is ineffectual to prove proper service of process and the resultant judgment is void for want of jurisdiction). Because the process server in this case was not appointed by the proper authority and because the statute regulating the service of process on corporations was not properly complied with, the court's jurisdiction was not properly perfected and the final default judgment was void. Accordingly, the trial court's order vacating the final judgment is
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] See, e.g., Reeves v. American Homes Corporation, 26 Fla. Supp. 117 (Brevard Ct. of Record 1965) (process on corporation may be effected by service upon its officers or agents in order of procedure set forth in applicable statute or, in the alternative, upon its registered agent).