472 So.2d 1377 (1985)
Julio MONTANO, Appellant,
v.
Maria Pia MONTANO, Appellee.
No. 85-518.
District Court of Appeal of Florida, Third District.
July 30, 1985.
Ferdie & Gouz and Ainslee Ferdie, Coral Gables, for appellant.
Anthony Dieguez, Hialeah, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
In this interlocutory appeal from an "Order on Pending Motions" entered by the trial court in dissolution of marriage proceedings,[1] the husband asserts that the orders entered by the trial court are invalid because he was never served with process. Holding that the trial court erred in finding the evidence insufficient to overcome the presumption of valid service, we reverse.
Following the wife's institution of proceedings to dissolve the parties' marriage,[2] the matter was referred to a general master. The process server attempted to serve the husband with process, the amended complaint, and a notice of a hearing to be held before the general master. He went to the husband's condominium, knocked on the door, and inquired of the person answering: "Mr. Julio Montano?" The man replied, "Si." Although the process server ascertained that the individual who answered the door did not speak English, he left the papers with him. The process server spoke very little Spanish, but in Spanish he told the person with whom he left the papers that they were very important and then read him the titles of the papers in English.
The husband maintains that he was never served and that the man who answered the door was a Guatemalan friend who spoke no English and was staying in the husband's condominium for approximately a week. The husband filed an affidavit to that effect, and his guest, Fernando Porras Mange, testified in a written deposition in support of the husband's statements. The trial court ruled the evidence insufficient to rebut the presumption of valid service.
*1378 On appeal, the husband argues that the wife's failure to serve him with process precluded the trial court from exercising jurisdiction over his person. Accordingly, he challenges all the trial court's rulings.
Section 48.031(1), Florida Statutes (1983), provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. (emphasis supplied)
Although a return of service is presumptively correct, the invalidity of service may be established by clear and convincing evidence. King v. Insurance Co. of North America, 426 So.2d 1302, 1303 (Fla. 2d DCA 1983); Winky's, Inc. v. Francis, 229 So.2d 903, 906 (Fla. 3d DCA 1969).
The evidence presented to the trial court, consisting of appellant Montano's affidavit and Mr. Mange's deposition, confirmed the husband's contention that he was not served in accordance with the provisions of section 48.031(1). The only evidence in support of the process server's opinion that appellant had answered the door was the response "Si" to the words "Mr. Julio Montano?" However, the server did not ascertain the man's identity by asking, "What is your name?" or a similar question. It is reasonable to conclude that the response meant only that Mr. Julio Montano resided at the residence, and not that the speaker was Mr. Montano. We therefore hold that the evidence presented to the trial court was clear and convincing and rebutted the presumption of valid service. See King. Finding that the record fails to reflect a waiver of the question of the court's in personam jurisdiction over the husband and that the husband was not lawfully served with process, we reverse the trial court's order.
Reversed and remanded.
NOTES
[1] Still pending before this court is a separate appeal (# 84-2542) pertaining to subject matter jurisdiction of the cause.
[2] The husband filed an action for divorce in Guatemala, which was granted on May 8, 1985.