685 So.2d 1360 (1996)
TAYLOR FORGE INTERNATIONAL, INC., a Tennessee Corporation, Appellant,
v.
SPECIALTY MAINTENANCE & CONSTRUCTION, INC., a Florida Corporation, Appellee.
No. 95-05153.
District Court of Appeal of Florida, Second District.
July 3, 1996.
T. Elamine Holmes of Stewart, Joyner, Jordan-Holmes, Holmes, P.A., Tampa, for Appellant.
*1361 Maxwell G. Battle, Jr. and Allen S. Carman, III of Battle & Edenfield, P.A., Brandon, for Appellee.
QUINCE, Judge.
Taylor Forge International, Inc. (Taylor Forge) appeals an order of the trial court denying a motion to dismiss which alleged a lack of personal jurisdiction. We reverse because the complaint does not contain allegations sufficient to demonstrate a basis for jurisdiction over Taylor Forge.
In the complaint filed by Specialty Maintenance & Construction, Inc. (Specialty Maintenance) in the circuit court in and for Polk County, Florida, it is alleged that Taylor Forge is a corporation registered in the state of Tennessee. It was further alleged that Taylor Forge was to supply certain goods and materials to Specialty Maintenance, a Florida corporation with its principal place of business in Polk County, and that Taylor Forge breached the agreement by failing to deliver the goods and materials. No other jurisdictional allegations are in the complaint.
Specialty Maintenance served the complaint on Taylor Forge at its place of business in Knoxville, Tennessee, pursuant to section 48.193, Florida Statutes (1993). Taylor Forge filed its motion to dismiss asserting no contacts with the state of Florida and no allegations in the complaint to provide a basis for the exercise of jurisdiction. At the hearing on the motion to dismiss, the trial court implicitly acknowledged the deficiency of the complaint when it ruled Specialty Maintenance could amend the complaint but erred by denying Taylor Forge's motion to dismiss.
Before a court may exercise long-arm jurisdiction over a nonresident defendant, the basis for jurisdiction must be alleged with specificity in the complaint. Doe v. Thompson, 620 So.2d 1004 (Fla.1993); Bower v. C.J. Timm Investment Co., 630 So.2d 678 (Fla. 2d DCA 1994). The complaint in this instance does not allege any of the requirements of section 48.193 that would allow the Florida courts to exercise jurisdiction over a nonresident corporation. This complaint does not even make a bare allegation that Taylor Forge is doing business in the state. Because the complaint fails to allege the basis for long-arm jurisdiction, the trial court should have granted Taylor Forge's motion to dismiss. Since it is clear that the trial court wanted to give Specialty Maintenance an opportunity to amend, the dismissal should be without prejudice to the filing of an amended complaint within a time period specified by the trial court. If Taylor Forge adequately challenges jurisdiction over its person after the amended complaint has been filed, Specialty Maintenance will need to prove jurisdiction as explained in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
We, therefore, reverse the trial court's denial of the motion to dismiss and remand for further proceedings.
PARKER, A.C.J., and ALTENBERND, J., concur.