719 So.2d 1218 (1998)
SUNRISE ASSISTED LIVING, INC., Appellant,
v.
T. Denver WARD, Appellee.
No. 98-01528.
District Court of Appeal of Florida, Second District.
September 25, 1998.
Rehearing Denied November 2, 1998.
*1219 Jesse L. Skipper and Chester L. Skipper of Skipper & Day, St. Petersburg, for Appellant.
Michael Moran and Barbara Whitmore of Law Office of Michael Moran, Sarasota, for Appellee.
THREADGILL, Acting Chief Judge.
The appellant, Sunrise Assisted Living, Inc., garnishee on a writ of garnishment for the salary of Michael Eisele, appeals a nonfinal order denying its motion to quash service of process. Because the appellee, T. Denver Ward, failed to establish that the trial court had jurisdiction of the appellant, we reverse.
Mr. Ward obtained a judgment in the Circuit Court for Sarasota County in the amount of $69,404.14 against Michael Eisele. Thereafter, he obtained a continuing writ of garnishment against the salary or wages of Mr. Eisele. The writ identified Sunrise Assisted Living, Inc., a Delaware Corporation, as the garnishee. Mr. Eisele, however, was employed by Sunrise Terrace, Inc. After the writ of garnishment was filed, but before it was served, Sunrise Terrace, Inc., changed its name to Sunrise Assisted Living Management, Inc. Mr. Ward had the writ hand-delivered by a private process server to Chris Braccio, Director of Human Resources for Sunrise Assisted Living Management, Inc., in Fairfax, Virginia. The writ of garnishment was not answered, and a default was entered.
Thereafter, Sunrise Assisted Living, Inc., filed a motion to quash service of process and to vacate the default. It later filed an amended motion which alleged that Sunrise Assisted Living, Inc., is a foreign corporation that does not engage in business in Florida and has not submitted itself to the jurisdiction of the Florida courts. The amended motion also alleged that there was no proper service of process upon an officer, director, registered agent, employee, or other person authorized to accept service of process on behalf of Sunrise Assisted Living, Inc. Sunrise Assisted Living, Inc., filed affidavits and presented testimony at a hearing which indicated that Sunrise Assisted Living, Inc., and Sunrise Assisted Living Management, Inc., are separate corporations, and that Chris Braccio is not an officer or director of Sunrise Assisted Living, Inc., and is not authorized to accept service of process on its behalf. After the hearing, the trial court granted the motion to vacate the default, but denied the motion to quash service of process.
Sunrise Assisted Living, Inc., first argues that the writ of garnishment does not contain allegations necessary to invoke the trial court's long-arm jurisdiction. Section 48.193, Florida Statutes (1997) sets forth the acts by which a nonresident subjects itself to the jurisdiction of the courts of this state. Before a court may exercise long-arm jurisdiction over a nonresident defendant, the basis for jurisdiction must be alleged with specificity in the complaint. See Taylor Forge Int'l, Inc., v. Specialty Maintenance & Constr., Inc., 685 So.2d 1360 (Fla. 2d DCA 1996). The basis for service on a nonresident defendant may be set forth in the language of the statute rather than by reference to the facts supporting the same. See Avila v. Pacindat Mut. Protection & Indem. Ass'n, Ltd., 528 So.2d 510 (Fla. 3d DCA 1988). If the court does not acquire jurisdiction in the proper manner, a judgment entered by it is void. See Space Coast Credit Union v. The First, F.A., 467 So.2d 737 (Fla. 5th DCA 1985). In this case, neither the motion for writ of garnishment nor the writ itself contains any allegations regarding jurisdiction.
Mr. Ward claims that Sunrise Assisted Living, Inc., waived its jurisdictional defense by failing to raise it at the first opportunityin the initial motion to quash service of process. The initial motion to quash service challenged the sufficiency of the service on Ms. Braccio. The amended motion added the ground that Sunrise Assisted Living, Inc., had never engaged in business in Florida or otherwise submitted itself to the jurisdiction of the Florida courts. Because Sunrise Assisted Living, Inc., filed its amended *1220 motion challenging both the sufficiency of service and the lack of a basis for long-arm jurisdiction before the evidentiary hearing, the defense was properly preserved. See Waxoyl, A.G. v. Taylor, Brion, Buker & Greene, 711 So.2d 1251 (Fla. 3d DCA 1998).
Even if jurisdiction over the garnishee had been established, service of process was defective in this case. In a garnishment proceeding, jurisdiction over the defendant garnishee is perfected by service of process on him or by his appearance. See Space Coast, 467 So.2d at 739. Section 48.081, Florida Statutes (1997) sets forth the method for service of process on a corporation. The statute directs that process is to be served on specified officers of the corporation or, in their absence, on any director or, in their absence, on any officer or business agent. See § 48.081(1), Fla. Stat. (1997). To bind a corporation for jurisdictional purposes, a return of service must show the absence of all officers of a superior class designated in the statute before resort is had to service upon an officer or agent of an inferior class. See Space Coast, 467 So.2d at 739. If this requirement is not met, a court's jurisdiction is not perfected, and any judgment entered is void. Id. at 740. The return of service filed in this case does not reflect any attempt to serve the officers or directors specified in the statute.
Further, the affidavits and transcript of testimony reflect that the individual served was not employed by Sunrise Assisted Living, Inc., but was employed by a separate corporation. It was the other corporation, Sunrise Assisted Living Management, Inc., that employed the judgment debtor, Mr. Eisele. Thus, it appears the writ of garnishment was directed to the wrong corporation. We therefore reverse and remand to give Mr. Ward the opportunity to establish, if possible, the jurisdiction of Florida courts over an appropriate garnishee.
Reversed; remanded.
ALTENBERND and GREEN, JJ., concur.