724 So.2d 678 (1999)
YORK COMMUNICATIONS, INC., d/b/a York Financial, Appellant,
v.
The FURST GROUP, INC., Appellee.
No. 98-1432.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
*679 Andrew B. Peretz and F. Brian Chase of Barrett, Gravante, Carpinello & Stern, Ft. Lauderdale, for appellant.
Harvey W. Gurland, Jr., and Jeffrey R. Margolis of Eckert Seamans Cherin & Mellott, LC, Miami, for appellee.
STEVENSON, J.
This is an appeal from an order denying a motion to vacate default judgment. Appellant challenged the default judgment on the ground that service of process was defective on its face. We agree with appellant and reverse.
Section 48.091(2), Florida Statutes (1997), requires that a registered agent be available for receipt of service of process at the registered office "from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays." A party may serve a corporate employee when the corporation fails to keep a registered agent at the registered office during the designated hours. See § 48.081(3), Fla. Stat. (1997).
The summons and complaint, which were addressed to the corporate registered agent, were served at appellant's designated registered office at 11:45 a.m. on Tuesday, September 30, 1997. The affidavit of service attests that the papers were served on an individual who refused to disclose his identity, but alleges that the individual served is appellant's employee and that this alternative service was done in compliance with the requirements of chapter 48, Florida Statutes (1997).
Statutes governing service of process should be strictly construed, and valid service on a domestic corporation may only be effected by complying with such statutes. See A-One Dahill Moving & Storage, Co. v. American Ins. Co., 436 So.2d 424 (Fla. 4th DCA 1983); Carlon, Inc. v. Lindy's of Omni, Inc., 408 So.2d 243 (Fla. 4th DCA 1981); Dade Erection Serv., Inc. v. Sims Crane Serv., Inc., 379 So.2d 423, 425 (Fla. 2d DCA 1980); Ludlum Enters., Inc. v. Outdoor Media, Inc., 250 So.2d 649, 650 (Fla. 4th DCA 1971). Absent strict compliance, the court lacks personal jurisdiction over the defendant corporation. See Florida Med. Ass'n, v. Spires, 153 So.2d 756, 758 (Fla. 1st DCA 1963).
An affidavit which merely alleges that the service of process statute has been complied with is insufficient to meet the proponent's initial burden of establishing proper service. See Johnston v. Halliday, 516 So.2d 84, 85 (Fla. 3d DCA 1987)(holding that a return of service merely stating that substituted service was effected on the defendant's son who was "of suitable age and discretion" was insufficient absent facts establishing that the process server complied with the specific requirements for substituted service). Here, the process server's statement that service was made on John Doe corporate employee, without including a statement supporting the necessity for substituted service, is patently tainted. The process server alleged neither that he first attempted to serve the registered agent nor that the agent was absent.
Accordingly, we reverse and remand with instructions that the default judgment be vacated.
REVERSED and REMANDED.
STONE, C.J., and TAYLOR, J., concur.