764 So.2d 883 (2000)
NATIONSBANC MORTGAGE CORPORATION, Appellant,
v.
The GARDENS NORTH CONDOMINIUM ASSOCIATION, INC., a Florida Not-for-profit corporation, Appellee.
No. 4D00-746.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
*884 Mark Broderick of Echevarria & Associates, P.A., Tampa, for appellant.
Jerome L. Tepps of Jerome L. Tepps, P.A., Ft. Lauderdale, for appellee.
POLEN, J.
Nationsbanc Mortgage Corporation ("Nationsbanc") appeals from a nonfinal order denying its motion to vacate certificate of title, judicial sale, default judgment and default. It argues that the service of process attempted by the Gardens North Condominium Association ("Gardens") was void. We agree and reverse.
In June, 1997, Nationsbanc purchased the subject condominium unit at a foreclosure sale. Thereafter, the Gardens alleged that Nationsbanc failed to pay the monthly assessments. The Gardens filed a lien and subsequently sought to foreclose on same.
Nationsbanc did not file a responsive pleading to the foreclosure complaint. In January, 1998, the court entered a default final judgment of foreclosure and set a March 2, 1998 sale date. At the sale, a third party bidder purchased the unit.
In March, 1999, Nationsbanc moved to quash service of process and to dismiss. At the subsequent hearing, Nationsbanc asserted that the service of process against it was defective. Specifically, it alleged that service was made on an administrative assistant of Nationsbanc, in violation of section 48.081, Florida Statutes. The Gardens argued that the attempted service was voidable, not void. On November 29, 1999, the trial court held that the service was facially defective and, thus, void.
On December 6, 1999, Nationsbanc moved to vacate the certificate of title, judicial sale, default judgment and default. At the hearing that followed, the Gardens contended that the service was voidable, not void. Notwithstanding the court's earlier ruling that service on Nationsbanc was void, the court denied the motion to vacate. This appeal followed.
It is undisputed that the Gardens did not comply with section 48.081[1] in attempting to serve Nationsbanc. York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678 (Fla. 4th DCA 1999), held that statutes governing service of process must be strictly construed, and valid service on a domestic corporation may only be effected by complying with such statutes. Id. at 679 (citations omitted). In that case, this court held that the subject default judgment should have been vacated where the attempted service was made on a random employee of the corporation, as in the instant *885 case, and there was no showing of the necessity for substituted service. This court concluded that "[a]bsent strict compliance, the court lacks personal jurisdiction over the defendant corporation." Id. Because the affidavit did not contain any statement supporting the necessity for the substitute service, the Gardens' attempted service was facially void and, therefore, the court should have vacated the default judgment and set aside the certificate of title. See id.; accord Schupak v. Sutton Hill Associates, 710 So.2d 707 (Fla. 4th DCA 1998); Sunrise Assisted Living, Inc. v. Ward, 719 So.2d 1218, 1219 (Fla. 2d DCA 1998); but cf. Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So.2d 1219 (Fla. 4th DCA 1993)(holding judgment was only voidable where the constructive service of process did not violate the essential requirements of the statute).
REVERSED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] That section provides, in pertinent part,

(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
(3) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's place of business.
§ 48.081(1)-(3), Fla. Stat. (1997).