804 So.2d 372 (2001)
James SARIDIS and Marilyn Saridis, Appellants,
v.
VISTA ST. LUCIE ASSOCIATION, INC., a Florida corporation, and Camco Services, Inc., a Florida corporation, Appellees.
No. 4D01-894.
District Court of Appeal of Florida, Fourth District.
September 26, 2001.
*373 Maxine A. Noel of The Law Offices of Grazi & Gianino, Stuart, for appellants.
Arthur E. Maroney, III, of Hatch & Doty, P.A., Vero Beach, for Appellee-Camco Services, Inc., a Florida corporation.
PER CURIAM.
We affirm the circuit court's order quashing service of process on appellee Cameo Services, Inc. and vacating the clerk of court's default.
The affidavit filed by the process server noted that service was effected on a corporate employee. The affidavit referred to "F.S. 48.081(3)" but said nothing more.
The affidavit contained no "statement supporting the necessity for the substitute service" on the corporate employee. Nationsbanc Mortgage Corp. v. Gardens N. Condo. Ass'n, Inc., 764 So.2d 883, 885 (Fla. 4th DCA 2000). It is well established that for service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the statutorily prescribed superior classes of persons who may be served. See Milton Land & Inv. Co. v. Our Home Life Ins. Co., 81 Fla. 227, 87 So. 636, 637 (1921) (relying on Section 2600, Revised General Statutes of 1920); York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. 4th DCA 1999).
Appellants rely on Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So.2d 1219 (Fla. 4th DCA 1993), but that case is distinguishable, in that it involves the constructive service statute, Chapter 49, Florida Statutes (1991). A "sworn statement in support of constructive service does not require the inclusion of specific facts showing that a diligent search ha[d] been undertaken." Demars, 625 So.2d at 1223. This is in contrast to an affidavit of service filed under section 48.081, which must show the necessity for substitute service. See Nationsbanc, 764 So.2d at 885; Sunrise Assisted Living, Inc. v. Ward, 719 So.2d 1218, 1220 (Fla. 2d DCA 1998).
AFFIRMED.
POLEN, C.J., FARMER and GROSS, JJ., concur.