CORTIÑAS, Judge.
The Plaintiffs, Frances Dienes and Sol Dienes, appeal the trial court’s order granting U.S. Alliance Management Corporation’s (“U.S. Management”) motion to dismiss the Plaintiffs’ second amended complaint. The Plaintiffs also appeal an order denying their motion for rehearing of the trial court’s dismissal of U.S. Management. We affirm both orders on appeal.
The Defendant, U.S. Management, filed a motion to dismiss the Plaintiffs’ second amended complaint contending that it was not properly served. The Plaintiffs argued that U.S. Management was served on April 4, 2006, pursuant to section 48.081(3)(a), Florida Statutes (2005).[1] In support of their contention, the Plaintiffs relied on a copy of the return of service, which was unsigned by the process server. This document stated that the process server had served Martha Morejon, the receptionist for U.S. Management, on April 4th at 1:00 p.m. At the hearing, the Plaintiffs vaguely argued that the process server attempted service on two occasions prior to April 4th and that, in both instances, U.S. Management did not have a registered agent present at the statutorily required times. Based on arguments of counsel, the trial court granted U.S. Management’s motion to dismiss.
Subsequently, the Plaintiffs filed a motion for rehearing along with an amended verified return of service. The amended verified return of service indicated that “[sjervice could not be made on the Registered Agent because of failure to comply with Section 48.091.” The Plaintiffs also attached to their motion the process server’s unexecuted affidavit, which documented that service had been attempted on March 31, 2006 at 11:00 a.m. and on April 3, 2006 at 11:45 a.m. but the registered agent was not present. The trial court denied the Plaintiffs’ motion for rehearing.
We find that the trial court did not abuse its discretion in granting U.S. Management’s motion to dismiss and denying the Plaintiffs’ motion for rehearing. Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451, 454 (Fla. 1st DCA 1993) (citations omitted)(reviewing an order dismissing a complaint for failure to effectuate service under an abuse of discretion standard). Here, the trial court properly found that the Plaintiffs failed to effectuate service on U.S. Management on April 4th because the Plaintiffs failed to meet their burden of proving at the hearing that the corporation was in violation of section 48.091, thereby permitting service under section 48.081(3)(a). See York Commc’ns, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. 4th DCA 1999) (citation omitted)(finding that the party arguing valid service occurred has the burden of establishing that service was proper). The trial court also properly found that the bare allegation of a section 48.091 violation in the amended verified return of service and the process server’s unexecuted affidavit were insufficient evidence to warrant a rehearing of the issue. See id. (finding that statements that “the service of process statute has been complied with [are] insufficient to meet the proponent’s burden *1189 of establishing proper service”) (citation omitted).
Accordingly, we affirm the trial court’s orders granting U.S. Management’s motion to dismiss and denying the Plaintiffs’ motion for rehearing.
Affirmed.

. Section 48.081(3)(a) provides that "if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." § 48.081(3)(a), Fla. Stat. (2005). Section 48.091, Florida Statutes (2005) requires that a corporation have a registered agent available to receive service of process at the registered office from "10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays....” § 48.091(2), Fla. Stat. (2005).