CLARK, J.
The appellant challenges an order by which the trial court vacated a default judgment, finding that service of process was not properly made. However, the court misconstrued the requirements of section 48.061(1), Florida Statutes, as they pertain to a limited liability company, and the default should not have been vacated as the appellant established proper service. We reverse.
The appellant filed a lawsuit against the appellee, a limited liability company for which service of process is authorized under section 608.463(l)(a), Florida Statutes, to be made “[i]n accordance with chapter 48 or 49, as if the limited liability company were a partnership.” The appellant made service pursuant to section 48.061(1), Florida Statutes, which states that:
Process against a partnership shall be served on any partner and is as valid as if served on each individual partner. If a partner is not available during regular business hours to accept service on behalf of the partnership, he or she may designate an employee to accept such service. After one attempt to serve a partner or designated employee has been made, process may be served on the person in charge of the partnership during regular business hours....
The process server went to the appellee’s place of business, during regular business hours, and asked for the owner, which everyone understood to mean Mr. Yang, who was the sole member of the limited liability company. Mr. Yang was not there, nor was there any designated employee for service, except for the business manager who was the person in charge. Process was served on the business manager, and after the appellee failed to file a responsive pleading in the lawsuit the clerk entered a default. After a January 2011 bench trial, the court entered judgment for the appellant. The appellee later moved to vacate that judgment, asserting that there was no proper service of process.
In granting the appellee’s motion and vacating the judgment, the court ruled that section 48.061(1) requires an attempt to serve a partner, and that the appellant’s attempt to serve Mr. Yang did not comply with that requirement. Although section 48.061(1) does refer to service on a partner, and statutes governing service of process are to be strictly construed, see York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678 (Fla. 4th DCA 1999), limited liability companies do not have partners and section 608.463(l)(a) allows service under section 48.061(1) “as if the limited liability company were a partnership.” Limited liability companies have members rather than partners, see section 608.402(21), Florida Statutes, and Mr. Yang was the sole member of the limited liability company in this case. The attempt to serve Mr. Yang complied with the requirements for service under sections 608.463(l)(a) and 48.061(1), “as if the limited liability company were a partnership.”
The trial court also ruled that section 48.061(1) requires a second visit to the *684 place of business before serving “the person in charge.” The court found that proper service was therefore not made when process was served on the manager during the process server’s only visit, when Mr. Yang was unavailable. In construing the statute in that manner, the court read the language allowing service on the person in charge “[a]fter one attempt” to serve a partner (or here, a member) to mean that another attempt to serve Mr. Yang had to be made after Mr. Yang was first unavailable. That does not accord with the plain language of the statute, which does not require a second attempt and which allows service on the person in charge after one attempt to serve Mr. Yang, which was done in this case.
Because the appellant established proper service under sections 608.463(l)(a) and 48.061(1), the default judgment should not have been vacated and the appealed order is reversed.
DAVIS, and MARSTILLER, JJ„ concur.