SWANSON, J.,
dissenting.
The trial court’s refusal to allow the Delaware Attorney General to intervene as an indispensable party to this case involving this trust resulted in a fundamental denial of due process. It is undisputed the Delaware Attorney General was a party to the 1980 court-approved settlement agreement regarding the proper interpretation of the testamentary trust created by Alfred I. duPont, which established and funds a charitable corporation known as “The Nemours Foundation.” Specifically, the agreement expressly recognized that first consideration is to be given to beneficiaries who are residents of Delaware and that the “Attorney General of the State of Delaware is the representative of the Delaware charitable beneficiaries of the Alfred I. duPont Testamentary Trust and of The Nemours Foundation, and as head of the Department of Justice of the State of Delaware is charged with protecting the rights of the said Delaware beneficia-ries_” It is also undisputed the Delaware Attorney General was never made a party in the subsequent action resulting in the 2004 judgment, which modified the trust and the 1980 agreement interpreting it by (1) reducing benefits to “crippled children” by three years by terminating them at age eighteen instead of age twenty-one; (2) requiring the trustees to invade the principal of the trust if necessary to ensure a three-percent distribution of the fair market value of the trust; and (3) eliminating the requirement that the Nem-ours Board of Managers be comprised of a three-fifths majority of Delaware residents.
Clearly, these material modifications were made without the participation of the designated representative of the primary intended beneficiaries of the trust. Because the Delaware Attorney General was an indispensable party to this action as the Delaware beneficiaries’ lawful representative, due process required that the Dela *639 ware Attorney General be given formal notice of the action. Failure to provide such notice would render the 2004 judgment void and subject to challenge at any time under Florida Rule of Civil Procedure 1.540(b)(4). See Space Coast Credit Union v. The First, F.A., 467 So.2d 737, 739 (Fla. 5th DCA 1985) (holding that “[j]urisdiction is perfected by a proper service of sufficient process on all indispensable parties” and the trial court’s failure to acquire jurisdiction over a party in the proper manner renders its judgment void and subject to attack at any time under rule 1.540(b)). Although the trustees asserted below that the Delaware Attorney General had actual notice of the action, this is disputed by the Delaware Attorney General. At a minimum, intervention and an evidentiary hearing are required to determine whether sufficient notice was provided and to resolve any other factual disputes regarding the validity of the 2004 judgment. Accordingly, I would reverse and remand with directions that the Delaware Attorney General be allowed to intervene for purposes of filing a rule 1.540(b)(4) motion to vacate the 2004 judgment as void. However, in light of the majority’s decision to affirm, I have no choice but to respectfully dissent.