# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1001
Lower Tribunal No. 11-6292
_____


**Morgan Stanley Smith Barney, LLC,**
Appellant,

vs.

**Gibraltar Private Bank & Trust Co.,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Ciklin Lubitz Martens & O'Connell and A. Patricia Morales Christiansen and Charles L. Pickett, Jr. (West Palm Beach), for appellant.

Arnstein & Lehr and Phillip M. Hudson III and Hilda Piloto, for appellee.

Before SUAREZ, ROTHENBERG, and SALTER, JJ.

SUAREZ, J.

Garnishee Morgan Stanley Smith Barney, LLC, ("Morgan Stanley") appeals

from an order denying a motion for rehearing of its motion to quash service of

process and requiring Morgan Stanley to pay an amount equal to funds released by it after disputed service of a Writ of Garnishment. We reverse.

The judgment creditor is Gibraltar Private Bank & Trust Co. ("Gibraltar"). A Final Judgment of Foreclosure on certain properties held by the judgment debtors was issued by the trial court and the subject properties were later sold at a foreclosure sale for $1,600,100.00. Gibraltar was then owed $2,606,740.05, plus post-judgment interest. Following the sale, the Clerk of Court issued a writ of garnishment directed to Morgan Stanley, which held several accounts of the judgment debtors. The process server handed the papers to Karen Mendez, an employee at the Morgan Stanley branch in downtown Miami whose title is "Senior Service Assistant," and filed a return of process so indicating.[1] Forty-five days later, Gibraltar Bank contacted Morgan Stanley to ask when or if they were going to respond to the writ of garnishment, and Gibraltar forwarded a copy of the writ to Morgan Stanley. That same day, Morgan Stanley froze the appropriate accounts pursuant to the writ. The following day, Morgan Stanley filed a motion to quash

[1] The Return of Service reads, in pertinent part,

> I . . . do hereby affirm that on the 15th day of August, 2013, at 11:30 am [sic], I: served a CORPORATION pursuant to F.S. 48.081, by serving a true copy of the Writ of Garnishment; Plaintiff's Motion for Writ of Garnishment; Claim of Exemption and request for Hearing Form with the date and hour of service endorsed thereon by me, to KAREN MENDEZ, SENIOR SERVICE ASSISTANT of MORGAN STANLEY SMITH BARNEY, LLC, at the address of . . . , and informed said person of the content therein, in compliance with state statutes.

2

service of process, arguing that service on a low level hourly employee was improper and service was defective.[2] At issue is the time period between August 15, 2013, the date of the allegedly defective service, and October 17, 2013, the date Morgan Stanley learned of the writ of garnishment and froze the subject accounts. During that time period, assets from the subject accounts were withdrawn by the judgment debtors.

On February 11, 2014, the trial court heard Morgan Stanley's motion to quash service of the writ. Ms. Mendez was present, but the trial court judge did not hear testimony. The court summarily denied Morgan Stanley's motion to quash service of process. Morgan Stanley moved for rehearing, attaching Ms. Mendez's deposition transcript.[3] The trial court denied the motion for rehearing. The order denying motion for rehearing also ordered Morgan Stanley to pay to Gibraltar an amount equal to the funds released from the subject accounts between August 15 and October 18, 2013.

---

[2] Interestingly, on October 28, 2014, Gibraltar Bank had the same writ of garnishment served on Morgan Stanley's proper resident agent for service of process. Both parties agree that this service was proper, and that the amended Final Judgment in Garnishment flowing from that is not at issue.

[3] Ms. Mendez testified at her deposition that she was not an officer of Morgan Stanley, was not a salaried employee, was paid by the hour, had no client contact or management duties, and was essentially a person who performed wire transfers. She testified that the process server handed her a sealed envelope and left, and she assumed he was merely a courier. When she opened the envelope she saw that it was a legal matter, and she forwarded the papers to the risk management officer.

We review de novo the trial court's ruling on a motion to quash service of process. Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So. 3d 695, 698 (Fla. 4th DCA 2010). Here, the return of service appears regular on its face, and thus service of process is presumed to be valid. "If the return [of service] is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence." Koster v. Sullivan, 40 Fla. L. Weekly S63, S64 (Fla. Feb. 5, 2015) (quoting Re-Emp'l Servs, Ltd. v. Nat'l Loan Acquisitions Co., 969 So. 2d 467, 471 (Fla. 5th DCA 2007)); Bank of Am., N.A. v. Bornstein, 39 So. 3d 500, 503 (Fla. 4th DCA 2010); see also Klosenski v. Flaherty, 116 So. 2d 767 (Fla. 1959) (holding that a presumption of valid service arises from evidence of a return of service which is regular on its face); Montano v. Montano, 472 So. 2d 1377, 1378 (Fla. 3d DCA 1985. Morgan Stanley had to demonstrate the invalidity of the service of process by clear and convincing evidence before the motion to quash could be granted. See Travelers Ins. Co. v. Davis, 371 So. 2d 702, 703 (Fla. 3d DCA 1979).

With that in mind, we look to section 48.081, Florida Statutes (2013), which provides the method for service of process on a corporation. The statute directs that process is to be served on specified officers of the corporation or, in their absence, on any director or, in their absence, on any officer or business agent. Id.

4

To bind a corporation for jurisdictional purposes, a return of service must show the absence of all officers of a superior class designated in the statute before resort is had to service upon an officer or agent of an inferior class. See Space Coast Credit Union v. The First, F.A., 467 So. 2d 737, 739 (Fla. 5th DCA 1985). If this requirement is not met, a court's jurisdiction is not perfected, and any judgment entered is void. Id. at 740. As an alternative to any of these, service may be perfected on the registered agent designated by the corporation to accept service of process. See § 48.081(3), Fla. Stat. (2013). The object of section 48.081 is to have service made upon someone who is held responsible by the corporation, "and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation. Bornstein, 39 So. 3d at 503 (finding service was defective where server delivered documents to bank teller without first determining that a superior officer was unavailable); Nat'l Safety Assoc., Inc. v. Allstate Ins. Co., 799 So. 2d 316, 317 (Fla. 2d DCA 2001) (finding service was invalid when the return of service failed to show the absence of all superior officers); Saridis v. Vista St. Lucie Ass'n, Inc., 804 So. 2d 372, 373 (Fla. 4th DCA 2001) (affirming quashal of service of process on corporation where the affidavit filed by the process server noted that service was effected on a corporate employee, referred to "F.S. 48.081(3)" but said nothing more); Nationsbanc Mortg. Corp. v. Gardens N.

Condo. Ass'n, Inc., 764 So. 2d 883, 885 (Fla. 4th DCA 2000) (holding service on random employee of corporation was facially void because the affidavit did not contain any statement supporting the necessity for the substitute service); Sunrise Assisted Living, Inc. v. Ward, 719 So. 2d 1218, 1220 (Fla. 2d DCA 1998) (finding service on corporation void where the return of service did not reflect any attempt to serve the officers or directors specified in the statute).

In her deposition Ms. Mendez testified that she is an hourly wage employee, she is not an officer of the corporation, she is not a manager, she does not supervise other personnel, she does not have any direct client contact, and she is not the registered agent for service of process on the corporation. It appears from the record that Ms. Mendez was none of the persons indicated in the statute as an acceptable corporate representative to accept service of process. She is not, contrary to Gibraltar's argument, a "business agent" authorized to accept service of process pursuant to section 48.081(5), where "business agent" refers to someone having general authority to act for the corporation and whose duties are closely related to those of the officers of the corporation. Bornstein, 39 So. 3d at 504 (citing Int'l Steel Truss Co. v. Artec Grp., Inc., 824 So. 2d 340, 342 (Fla. 2d DCA 2002), and Se. Mail Transport, Inc. v. Amoco Oil Co., 402 So. 2d 522, 524 (Fla. 1st DCA 1981) ("For purposes of service of process, a business agent has been

held to be the person who represents the corporation and who officially speaks for it in the local business affairs of the corporation.")).

Gibraltar did not ensure that the writ of garnishment was served on a corporate officer, manager, or registered agent for service of process pursuant to section 48.081 – any of whom could have easily been determined prior to service. It is apparent that Gibraltar had the knowledge and means to effect proper service of process on the correct corporate representative from the outset, because it immediately re-served the writ of garnishment on Morgan Stanley's registered agent for service of process. See § 48.091, Fla. Stat. (2013) (designation of registered agent and registered office). We conclude that Morgan Stanley sustained its burden to demonstrate by clear and convincing evidence that Gibraltar's August 15, 2013, service of process on the corporation was defective.

We reverse the order denying rehearing that requires Morgan Stanley to pay the equivalent of the funds that were removed from the accounts during the period at issue, and we remand with directions to grant Morgan Stanley's motion to quash the August 15, 2013 service of process.

Reversed and remanded with directions.