# Third District Court of Appeal

## State of Florida

Opinion filed July 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2666
Lower Tribunal No. 13-9406
_____

**Sandra Sadlak,**
Appellant,

vs.

**Nationstar Mortgage, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Kenzie N. Sadlak, P.A. and Kenzie N. Sadlak, for appellant.

Robertson, Anschutz & Schneid, P.L., Cynthia L. Comras, David Rosenberg, and Jarrett Cooper (Boca Raton), for appellee.

Before LOGUE, LUCK and LINDSEY, JJ.

PER CURIAM.

Sandra Sadlak appeals a nonfinal order denying her motion to quash service

of process in a residential foreclosure case, arguing that: (1) the process server's

return was not regular on its face; (2) the trial court erred in considering testimony about photographs; and (3) the trial court erred in holding an evidentiary hearing that was not properly noticed. We affirm, and address only the first issue about the return of service.[*]

Sadlak contends that the return of service was irregular on its face because it didn't specify the type of process served, it didn't identify the title of the lawsuit against Sadlak or the nature of the lawsuit, and it didn't specify where Sadlak was served. To be regular on its face, the return of service must meet the requirements of the relevant method-of-service statute – in this case, section 48.031 – and the "Return of execution of process" statute (section 48.21). See Vives v. Wells Fargo Bank, N.A., 128 So. 3d 9, 15 (Fla. 3d DCA 2012) ("[T]he verified return of service is not regular on its face because it fails to satisfy the requirements set forth in sections 48.031(1)(a) and 48.21."); Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 180-81 (Fla. 3d DCA 2011) ("[T]he verified returns of service were regular on their face, containing all of the information in compliance with the specific requirements of section 48.031(1)(a). . . . This determination was made by simply reviewing the four corners of the return to see if it contained all of the information required by the applicable statute: Section 48.21, Florida Statutes

---

[*] "We review de novo the trial court's ruling on a motion to quash service of process." Morgan Stanley Smith Barney, LLC v. Gibraltar Private Bank & Tr. Co., 162 So. 3d 1058, 1060 (Fla. 3d DCA 2015).

(1979) requires those serving process to record, among other things, the manner of execution of the process and the name of the person served." (quotation omitted)). "A process server's return which is regular on its face is presumed valid absent clear and convincing evidence to the contrary." Vives, 128 So. 3d at 14 (quotation omitted).

Section 48.031(1)(a) provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper."  § 48.031(a)(1), Fla. Stat. (2016). Service must be done in this manner, and the return must include the following information:

> Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. The return-of-service form must be signed by the person who effects the service of process.

Id. § 48.21(1).

The return of service, here, meets these requirements.  The return, contrary to Sadlak's claim, says that the process server delivered the summons, complaint, and lis pendens, which complied with the requirement in section 48.031(1)(a) that "[s]ervice of original process [be] made by delivering a copy of it to the person to be served with a copy of the complaint."

While sections 48.031(1)(a) and 48.21(1) do not require that the return of service list the title of the case and describe what it is about, the return here did those things too. It gave the case name as "Plaintiff Nationstar Mortgage LLC; et. seq. vs. Defendant Sandra Sadlak, et al," and provided the case number. And the return of service stated that Sadlak was served with the complaint, which spelled out the allegations and the nature of the lawsuit.

Finally, even though sections 48.031(1)(a) and 48.21(1) do not require that the return list the exact delivery location of the summons and complaint when they are delivered in person, the return here provided the exact location. Sadlak was served, the return said, inside her car at 9353 Southwest 227th Street 7-21 (which is the address of the property subject to the foreclosure action).

The return was regular on its face, and Sadlak did not present clear and convincing evidence that she was not served. Thus, like the trial court, we presume the return was valid to prove service, and affirm the trial court's order denying the motion to quash service of process.

Affirmed.