# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0352
Lower Tribunal No. 20-10860

_____

**Daniella Becker,**
Appellant,

vs.

**Timothy Becker,**
Appellee.

An Appeal from a non-final order the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Albert W. Guffanti, P.A., and Albert W. Guffanti, for appellant.

The Law Offices of A.K. Esquire, PLLC and Matthew Z. Karim (Fort Lauderdale), for appellee.

Before LINDSEY, HENDON and BOKOR, JJ.

BOKOR, J.

We affirm the trial court's denial of Daniela Becker's motion to dismiss based on improper service. Competent, substantial evidence supports the trial court's findings that Daniela attempted to evade service of process initiated by her husband, Timothy Becker.[1] The issue hinges on whether the failure of the process server to inform her of the contents of the items rendered service defective.[2]

"Although a return of service is presumptively correct, the invalidity of service may be established by clear and convincing evidence." Montano v. Montano, 472 So. 2d 1377, 1378 (Fla. 3d DCA 1985). We have no such clear and convincing evidence to undermine the presumptively valid service here. Under the facts of this case, the process server complied with the service statute. See § 48.031, Fla. Stat.

Competent, substantial evidence supports the trial court's conclusion that Daniella "was properly served the Petition for Dissolution of Marriage with minor children, on March 13th, 2021." Competent, substantial evidence,

---

[1] A process server approached Daniella outside her father/counsel's house. The process server called out her married name, eliciting a response of "no." Daniella proceeded to run into her father's residence without accepting the papers after the process server told her that he had a summons and complaint to serve on her.

[2] Daniella also argues that the petition is a "nullity" because prior counsel signed it. The argument is without merit, and we affirm as to that basis without further comment.

specifically, the affidavit and testimony of the process server, supports a conclusion that the process server clearly identified that he "had a summons and complaint and that [Daniella] was being served with a lawsuit," that Daniella didn't accept the papers, that she didn't answer to her name, that she did not wait for an explanation of the contents of the papers, and that she proceeded into her father's house instead of accepting such service. Further, the record evidence establishes that after Daniella evaded service, her father blocked access and said the process server would have to "deal with him." At this point, the process server testified he placed the papers in a conspicuous location and screamed to anyone listening that Daniella has been served. Additionally, the process server called Daniella after service, leaving an (unreturned) phone message attempting to explain service.

Daniella doesn't contest that she received the papers or that the process server attempted service; rather, her argument of improper service hinges upon the process server's alleged failure to explain the contents of the papers in the face of her evasion of service. Daniella cites in her reply to cases in which this court quashed service based on either the process server's failure to identify the recipient, or failure to explain the contents of the papers served. See Montano, 472 So. 2d at 1378 (reversing trial court order and quashing service where process server failed to identify recipient

3

of service); see also Bache, Halsey, Stuart, Shields, Inc. v. Mendoza, 400 So. 2d 558, 559 (Fla. 3d DCA 1981) (affirming trial court order setting aside default where deputy sheriff who served papers did not recall explaining contents and "that service consisted solely of a knock on the door, a man saying 'Mendoza', and delivery of papers"). However, the cases cited contain critical distinctions from the record evidence in this matter. Here, unlike Montano, no one disputes that the process server identified Daniella, the correct recipient, and attempted to serve her. Here, unlike Mendoza, the record contains testimony that the process server did more than simply drop off papers; he explained he had a summons and complaint relating to a lawsuit and screamed into the house after leaving the papers that Daniella was served. Additionally, here, unlike Mendoza, the record contains testimony that Daniella actively evaded service, thereby frustrating any attempt at further explanation or conversation about the contents.

The trial court correctly concluded that the process server's actions in the face of Daniela's attempt to evade service constituted compliance with the relevant statute. See Liberman v. Com. Nat'l Bank of Broward Cnty., 256 So. 2d 63, 63–64 (Fla. 4th DCA 1971) (affirming service under similar circumstances where "[t]he process server (a deputy sheriff) testified that, being thus frustrated by Mr. Liberman's conduct, he then left the copy of

4

process and suit papers in the mail box, drove his car around the block and parked where he could observe the Liberman residence. Shortly thereafter, he observed Mr. Liberman come out of the house, go to the mail box, remove the papers therefrom, and return to the house"); see also Olin Corp. v. Haney, 245 So. 2d 669, 670–71 (Fla. 4th DCA 1971) (explaining that where a person flees from a process server "in a deliberate attempt to avoid service of process, the delivery requirement of [section 48.031] . . . may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person being served"); Palamara v. World Class Yachts, Inc., 824 So. 2d 194, 195 (Fla. 4th DCA 2002) (finding personal service; citing to Haney and Liberman).

Affirmed.