JOHN MERCER, APPELLANT, vs. HERBERT H. BOOBY, APPELLEE.

*The appearance by attorney of a party summoned as a garnishee, cures any defect in the service of the writ of garnishment.*

Appeal from Hillsborough Circuit Court. For the facts of the case, reference is made to the opinion of the Court.

*Jos. B. Lancaster*, for Appellant.

*J. T. Magbee*, for Appellee.

DU PONT, J., delivered the opinion of the Court.

The appellant John Mercer was summoned by a writ of garnishment, to answer and set forth what goods and chattles, rights and credits, money or effects were in his possession or control, belonging to Philip S. Lever, the plaintiff in execution. The indorsement on the writ is as follows : " Served—July 25th, 1854—E. T. Kendrick, Sheriff." The record shows that at the fall term, 1854, the parties *appeared* by their attorneys and that a judgment was entered against the garnishee for the want of a plea or answer.

The error assigned is that the endorsement on the writ

does not show *how* the service was perfected, whether by delivery of a copy or otherwise.

The statute (vide Thompson's Digest, 372,) provides that the service of the writ of garnishment shall be the same as is provided in the case of a *summons ad respondendum*, and it has been heretofore decided by this court that the *appearance* of a defendant in a suit cures any defect in the service of the writ. (D. B. Wood & Co. vs. Bk. of the State of Geo., 1 Fla. Rep., 378.) We can perceive no good reason why the same rule should not be applicable to the service of writs of garnishment.

Therefore let the judgment of the Circuit Court be affirmed.