THE STATE OF FLORIDA EX REL. WESTRIDGE CORPORATION, *Relator,* v. C. E. CHILLINGWORTH, Circuit Judge, *Respondent.*

En Banc.

Opinion filed June 13, 1929.

24

*Joel W. Massie*, for Petitioner.

WHITFIELD, J.—A petition in mandamus makes it appear that in garnishment proceedings in the Circuit Court, notice to the defendant was published under Sections 3423, 3453, Rev. Gen. Stats. 1920, Sections 5276, 5306, Comp. Gen. Laws 1927, once a week from Sept. 20, to Nov. 22, 1927, the return day being the rule day succeeding the last publication, i.e., December 5, 1927. The Circuit Judge declined to enter a default or a judgment in the cause, on the ground that the time elapsing between the date of the issuance of the notice of institution of suit and the return day is greater than that prescribed in Chapter 11364, Acts Extraordinary Session 1925, Section 4896, Comp. Gen. Laws 1927, which is "not less than twenty-eight days nor more than sixty days from the date of the making of the order." The plaintiff insists that the cited sections of the general laws are applicable and have been complied with, and that Chapter 11364, Acts 1925, is not applicable and is unconstitutional because its title violates Section 16 of Article III of the Constitution by expressing a plurality of subjects.

The title to Chapter 11364, Acts of 1925, expresses the single general subject of the essentials and the publication of notices to appear in litigated cases in stated courts where constructive service of notice by publication is provided for; and provisions relating to such general subject and matters properly connected therewith, such as appear in the Chapter, may be enacted under such title.

Both statutes appear in the Comp. Gen. Laws 1927, as Section 4896 and Sections 5276 and 5306. The compilers of the General Laws under Chapter 12039, Acts of 1927, had no authority to omit or to change the words of sections 3423, 3453, Rev. Gen. States. 1920, Sections 5276, 5306 Comp. Gen. Laws 1927, upon the theory that by implication such sections were repealed or superseded in whole or in part by Chapter 11364, Acts of 1925, Section 4896, Comp. Gen. Laws 1927.

As the appearance day stated in the notice to the defendant in garnishment as published, was more than the maximum of sixty days. fixed in Chapter 11364, Section 4896 Comp. Gen. Laws 1927, which statute is applicable to garnishment proceedings in the Circuit Court, the Circuit Judge properly declined to enter a default or a judgbent in the garnishment proceedings.

As to whether mandamus is the proper remedy see State ex rel. Burbridge v. Call, 41 Fla. 450, 26 So. R. 1016; State ex rel. v. King, 32 Fla. 416, 13 So. R. 891; State ex rel. v. Atkinson filed this term, 93 Fla. 366, 112 So. R. 64.

The petition for an alternative writ of mandamus to require the Circuit Judge to enter a default and final judgment upon the publication of notice as shown is denied.

TERRELL, C. J., and ELLIS, STRUM, BROWN and BUFORD, J. J., concur.