A. V. LEONARD JOHNSON, Plaintiff in Error, v. HOWARD R. CLARK, *et ux.,* and SUSAN H. CLARK, in her own right joined by her husband, Howard R. Clark, Defendants in Error.

198 So. 842
Division A
Opinion Filed December 6, 1940
Rehearing Denied December 20, 1940

*Boone & Boone* and *Charles M. Zelkowitz* (of Mt. Vernon, Ohio), for Plaintiff in Error.

*Clement L. Theed* and *Walter C. Dunigan,* for Defendants in Error.

THOMAS, J.—We are requested to review a judgment based on a directed verdict in favor of the defendants, Howard R. Clark and his wife, in an ejectment suit instituted against them by A. V. Leonard Johnson.

The chains of title relied upon by the parties plaintiff and defendant originated in a deed conveying a three-fifths interest to Jessie v. Lamoreaux and a two-fifths interest to Bessie Johnston. These grantees took possession and retained it for many years. The defendants claimed title by devise from Bessie Johnston of her interest and by a deed from Jessie V. Lamoreaux in April, 1930, conveying the remaining three-fifths interest. The plaintiffs made no claim to the part received under the will, so this dispute involves only the portion owned at first by Lamoreaux and the controversy grows out of an attachment proceeding against this owner begun and ended between the time she received the property and executed the deed to defendants.

That the points of cleavage may be understood, the pertinent features of that litigation in the civil court of record will be outlined. The holder of a promissory note made by Jessie V. Lamoreaux brought an action to collect the indebtedness it evidenced, and secured a writ of attachment against the debtor which the sheriff executed by attaching the then share of that defendant which is the same interest affected in the instant case. He stated in his return that "after diligent search (he) failed to find the within named defendant, Jessie V. Lamoreaux . . ." A notice of attachment was issued requiring her to appear on the rule day in August (5th), 1929, and was published nine successive weeks beginning June first of that year. A default was

entered August fifth and the following November the judge rendered judgment, reciting that "the summons was duly served on the defendant and that the said defendant failed to plead, answer or demur to the said summons and that a default was duly entered by reason of such failure." A sheriff's deed was executed in 1930 conveying the property to the judgment creditor who deeded it to A. V. Leonard Johnson, the plaintiff in the ejectment suit, about seven years after the transfer from Lamoreaux to defendants.

A careful analysis of that part of the file of the case in the civil court of record, which was offered in evidence by the plaintiffs in the ejectment suit, reveals that the notice of attachment was returnable sixty-five days from the first publication and, therefore, no jurisdiction was obtained by the court over the person of the defendant. Section 4896 C. G. L., 1927, State *ex rel.* Westridge Corporation v. Chillingworth, 98 Fla. 23, 122 So. 801. Obviously the judge of the circuit court, sitting in the ejectment case, concluded that there was no service upon the defendant in that contest which would supply a foundation for the judgment and, therefore, the conveyances which followed. In fairness to the plaintiff in error it should be said that he does not claim that the statute providing for service on defendants in attachment cases by publication was followed, but he takes the position that the judgment in the civil court of record, despite the patent irregularity in the service, was valid because the recital it contained immunized it from collateral attack.

This statement of the judge in the final order was a mere conclusion which conflicted with the record proper, because he said that summons had been duly served, whereas the return of the sheriff was entirely to the contrary. Upon the failure of the sheriff to locate the defendant resort was necessarily taken to the statute to secure service on the de-

fendant by publication. The court not having acquired jurisdiction either by personal or constructive service, the defendant was not heard and not having been heard no valid judgment could have been entered against her. This situation is established by records offered in evidence by the plaintiff in the ejectment case. Unquestionably where such a recital appears in the judgment in direct contradiction of the record, the latter will prevail. Clem v. Meserole, 44 Fla. 234, 32 So. 815.

There would be a presumption that the judgment in the civil court of record was valid if the sheriff's return and the affidavit of publication of the notice of attachment were not before us as a part of the record, but the presence of the latter established the failure in the process to secure the jurisdiction of the court, therefore the judgment was void. Freeman on Judgments (5th Ed.), Volume 1, p. 828. Such an inquisition into the question whether or not the judgment was void seems thoroughly justified according to the authority we have just cited.

Inasmuch as the judgment of the civil court of record was void for lack of jurisdiction over the defendant, the circuit judge was correct in his ruling that the plaintiff holding under a deed based on that judgment could not prevail in the ejectment action.

We know of nothing in the rule respecting the integrity of judgments which would have prevented the attack by the defendant when the judgment and the proceedings on which it was based were offered as evidence to support the plaintiff's title.

The judgment is affirmed.

BUFORD and ADAMS, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.