DAUKSCH, Judge.
This is an appeal from an amended final judgment entered in favor of the defendant in an action to quiet and confirm title to real property. The issue is whether the lower court erred in granting appellee Weathers’ motion for judgment on the pleadings. We hold that former adjudication bars appellant Patterson’s claim, and affirm.
Appellant Patterson filed a complaint against appellee Weathers, and two others, seeking to quiet and confirm title to real property located in Marion County, Florida. The property at issue is informally described as “Parcel I.” Patterson attached two exhibits to her complaint. Exhibit A is a copy of a final judgment rendered in the Marion County Circuit Court in Civil Action No. 78-360B. Exhibit B is a Supplemental Final Judgment entered in the same action. Civil Action No. 78-360B was an action to quiet title to real property, including “Parcel I”, brought by the instant appellee, Weathers, against several defendants including the instant appellant, Patterson. The supplemental final judgment in the prior action supplements the final judgment with the addition of defendants and “Parcel I”, the property at issue in the instant case. The supplemental final judgment in the former action orders and adjudges, inter alia:
6. That the plaintiff [instant appellee Weathers] is the owner in fee simple of the land hereinabove described, and her title thereto is hereby quieted, established and confirmed in her, and the supposed or apparent claims, rights, interests, liens and estates of the above-named or designated defendants, and each and every one of them, in and to the lands hereinabove described, or any part thereof, are hereby adjudged and decreed to be inferior to the title of plaintiff, and to be clouds thereon, and are hereby cancelled and adjudged and decreed to be null and void.
7. That each and every one of the defendants, their heirs, successors, assigns and legal representatives and each and every one of them, known or unknown, named or unnamed be and they are hereby, enjoined and restrained, as well as all persons claiming by, through or under them, or any of them, from ever in any way asserting or claiming any title, right or interest in or to the lands hereinabove described adverse to the title of plaintiff thereto, and they are further perpetually enjoined and restrained from ever in any way disturbing the possession of the plaintiff, her heirs, administrators, or assigns, or said lands or any part or parcel thereof.
DONE AND ORDERED in Chambers at Ocala, Marion County, Florida this 16th day of January, 1979.
No other parts of the record from the former action between the instant parties except the final judgment and supplemental final judgment were presented to the lower court. Accordingly, the exhibits attached to appellant Patterson’s complaint are the only portions of the record from the former action which are presently before us.
Weathers filed an answer to Patterson’s complaint in the instant case. Although she did not specifically label it an “affirmative defense”, appellee Weathers raised the affirmative defense of former adjudication in her answer to the complaint. This satisfies Florida Rule of Civil Procedure 1.110(d) which only requires that “[i]n pleading to a preceding pleading a party shall ... set forth affirmatively ...” its *1296 affirmative defense; the rule does not so elevate form over substance to require a party to label its defense as an “affirmative defense.” Appellee Weathers satisfactorily pled res judicata in her answer, and she established this defense by reference to the exhibits attached to Patterson’s complaint. This case is therefore different from Excel Insurance Company v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981) because there Excel pled res judicata but failed to establish it by affidavit, verified motion, or other manner.
On appeal, appellant Patterson urges that a review of the complete case file in the former action between the parties reveals that the former adjudication does not bar the instant action. It is true that recitals in a final judgment may be contradicted by other parts of the record, and so lose their res judicata effect. See Johnson v. Clark, 145 Fla. 258, 198 So. 842 (1940). However, appellant Patterson did not present to the lower court those parts of the record of the former action which contradict the final judgment and supplemental final judgment.
It is fundamental that an appellate court cánnot reverse a trial court on the basis of facts which were not presented to the trial court, and therefore are not part of the record on appeal. See South Florida Apartment Association, Inc. v. S.A. Dansyear, 347 So.2d 710 (Fla. 3d DCA 1977), cert. den., 354 So.2d 985 (Fla.1977) (in absence of record sufficient to review a matter assigned as error appellate court must affirm the trial court); Strickland v. Lewis, 328 So.2d 244 (Fla. 1st DCA 1976) (appellate court cannot review legal conclusions unless all facts upon which they are based are presented). This is as true in an action seeking relief from a prior judgment as much as it is in any other action.
The supplemental final judgment entered in the former action between the parties supplements, not amends, the final judgment in that case. Together, the final judgment and the supplemental final judgment constitute the single final judgment in the former action between the parties. Together, those documents quiet appellees’ title to “Parcel I” against any claim of appellant. On the basis of the record before us, we affirm the judgment of the lower court.
AFFIRMED.
THOMPSON, E.R., Jr., Associate Judge, concurs.
SHARP, J., dissents with opinion.