PER CURIAM.
This is a petition for writ of certiorari filed by the City of North Bay Village in response to an order of the appellate division of the circuit court quashing the city’s administrative action denying Coletta’s request for renewal of his occupational license. For the following reason, we grant the city the relief sought.
Coletta had been granted an occupational license by the North Bay Village City Commission in 1982 to operate a late-night dining facility in three condominium units of the Bayshore Yacht and Tennis Club. The commission simultaneously granted Coletta variances from those provisions of the city’s zoning code as were required for the operation of such a facility, e.g., authorization for after-hours sale of alcoholic beverages, minimum parking requirements, etc. Coletta successfully renewed his occupational license for 1982-83 and 1983-84. Co-letta did not use the license for a two-year period. The penthouse where the facility was located had to be closed due to a defective roof; Coletta could not begin remodeling the premises until these repairs were completed. In 1984, Coletta sought to renew his license for 1984-85. The city manager rejected Coletta’s application for renewal on the ground that Coletta’s use of the premises as a late-night dining facility did not conform to the city’s present zoning code. A city ordinance provided that “no license shall be issued except in conformity with the zoning regulations of the city.”[1] The city manager advised Coletta that he had lost any nonconforming use variances he might have previously enjoyed since he had never actually opened his restaurant and lounge.[2] The city manager also informed Coletta that his application for renewal would be treated as a new application, and that zoning variances would have *1050 to be obtained prior to approval of his occupational license application.
Coletta appealed the denial to the city commission on the following grounds: that the zoning code lapse provision was not intended to be applied retroactively; that the interruption in use of the premises as a restaurant-lounge was involuntary due to the failure of the condominium association to repair a defective roof; and that the city was estopped from raising the lapse provision of the current zoning code since it had previously renewed Coletta’s license. Co-letta was afforded a hearing, duly noticed and advertised, where he presented his argument and evidence to the city commission. No transcript was made of the hearing. The city commission denied Coletta’s appeal, and Coletta sought certiorari review from the circuit court acting in its appellate capacity.
Coletta argued in the reviewing court that his occupational license could be “revoked” only upon a proper showing by the city in which the city bore the burden of proof. Coletta for the first time advanced the claim that his due process rights had been abridged by the city. The city responded to Coletta’s petition for certiorari and moved to strike all matters argued by Coletta which were not supported by the record, including Coletta’s due process claim. Coletta did not provide a transcript of the proceedings before the city commission where the alleged error had occurred nor did Coletta attempt to provide an alternative record pursuant to Fla.R.App.P. 9.200(b)(3). The circuit court in its appellate capacity granted Coletta the relief requested, quashing the city’s rejection of Coletta’s application and directing the city to renew Coletta’s license.
We agree with the city that the court erred in passing on the merits of Coletta’s petition without a proper record before it. While Coletta was entitled as a matter of right to seek review in the appellate division of the circuit court of the city’s administrative action, the circuit court could not properly review the propriety of the city’s administrative action without a record of the proceedings. See Patterson v. Weathers, 476 So.2d 1294 (Fla. 5th DCA 1985); Altchiler v. State, Dept. of Professional Regulation, 442 So.2d 349 (Fla. 1st DCA 1983); Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA), rev. denied, 438 So.2d 832 (Fla.1983). The crucial inquiry for a circuit court considering a petition for certiorari review of administrative action is “whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.” City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). The foregoing analysis is not possible without a record upon which to predicate such a review. We conclude that the circuit court departed from the essential requirements of law in reaching the merits of Coletta’s appeal where no record was provided.
Certiorari is, therefore, granted, and the order of the circuit court is quashed.

. North Bay Village, Fla., Code (1984), provides:
§ 110.08 LICENSES SUBJECT TO ZONING REGULATIONS.
No license shall be issued except in conformity with the zoning regulations of the city.

. North Bay Village, Fla., Code (1983), provides:

§ 152.103 LAPSE OF SPECIAL EXCEPTION OR VARIANCE.

After the City Commission has approved a special use exception or granted a variance, the special use exception or variance so approved or granted shall lapse after the expiration of one year, measured from the date of final Commission action, if no substantial construction or change of use has taken place in accordance with the plans for which the special use exception or variance was granted.