# FRIEND v CITY OF CORAL GABLES
## Case No. 88-168 AP
Eleventh Judicial Circuit, Dade County
February 8, 1989

### APPEARANCES OF COUNSEL
**Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A.,** for appellant.

**Robert D. Zahner,** City Attorney for Coral Gables, for appellee.

Before GOLDMAN, FEDER, SHAPIRO, JJ.

## OPINION OF THE COURT

PER CURIAM

The Friends seek reversal of a resolution passed by the Commission of the City of Coral Gables which revoked frontal setback variance.

The Friends are owners of real property in the Gables Estates. Their lot is not rectangular but is unusually shaped, and they attempted to gain a variance to enlarge their garage. On April 7, 1986, the Board of Adjustment granted their application unanimously.

Subsequent to the granting of this variance, the Friends encountered difficulties in locating a general contractor whose bid would comport with their architect's price estimate. They expended some $8,000.00 in architectural and related fees.

The Friends were unable to secure a building permit prior to the expiration of this variance and were required to file a new application. On December 31, 1987, they applied for a new, but identical, frontal setback variance. The Coral Gables Zoning Division staff made the following determinations and recommendations:

"1. That special conditions and circumstances exist which are peculiar to the land, structure or building involved . . .

2. That the special conditions and circumstances do not result from the actions of the applicant.

3. That granting the variance requested will not confer on the applicant any special privilege . . .

4. The literal interpretation of the provisions of the zoning code would deprive the applicant of rights commonly enjoyed by other properties in the same zoning district under the terms of the zoning code and would work unnecessary and undue hardship on the applicant.

5. That the variance requested is the minimum variance that will make possible the reasonable use of the land, building and structure.

6. That granting the variance will not change the use to one that is different from other land in the same district.

7. That the granting of the variance will be in harmony with the general intent and purpose of the zoning code . . .

Staff Observations: . . . This is a case where the shape of the lot at the cul-de-sac dictates the setback requirements. In many other areas of the City, properties located on the cul-de-sac have different setback requirements from standard lots."

On April 4, 1988, a public hearing was held before the Board of Adjustment and a variance was granted. On May 1, 1988, an appeal was taken to the Commission, which was heard on May 10, 1988.

At this hearing, Mr. Dennis Smith, Zoning Administrator, stated the following:

"This . . . case before us involves a front setback request where the applicant has requested a variance to encroach between one and seven feet into the front setback for a resident . . . Staff reviewed it. We felt that there was enough unusual circumstances. We felt that

there was a hardship on the property because of the shape of the lot. We felt that the applicant was entitled to his variance that he was requesting. It was very reasonable, it was a very minor request. It would make the minimum use of the property possible. So we recommended approval . . .”

The appeal was initiated by the Gables Estate Club's Governing Board.

Mr. Friend testified that prior to purchasing the home he had conferred with Gables Estates and assumed he would be able to remedy the garage problem, and had incurred in excess of $8,000.00 to date. The Commission granted the appeal, denied the variance and the Friends have filed their timely petition for certiorari.

The grant of a variance to a zoning ordinance is dependent upon the facts of the particular case. *City of Miami Beach v Greater Miami Hebrew Academy*, 108 So.2d 50 (Fla. 3d DCA 1958). In a proceeding such as is before us, the decision must be based solely upon the record of the hearings before the Board of Adjustment and the City Commission. *Metropolitan Dade County v Jennings Construction Co.*, 196 So.2d 33 (Fla. 3d DCA 1967); *Dade County v Carmichael*, 165 So.2d 227 (Fla. 3d DCA 1964).

Our review of the proceedings of the City Commission is to determine, inter alia, whether the administrative findings and judgments are supported by competent substantial evidence. *Di Pietro v Coletta*, 512 So.2d 1048 (Fla. 3d DCA 1987). We find they were not.

The testimony and discussion in opposition to the variance presented to the commission focused solely on the interests of the Gables Estates Club which admittedly sought to impose higher standards than required by the zoning code. Their objection to the frontal setback variance was simply a matter of principle.

However, the evidence clearly demonstrated a hardship.[1]

The architectural plans submitted by the Friends were amended several times to minimize the total amount of square footage used in an effort to maintain the highest aesthetic quality of the proposed addition. There is also a triple row of 'screening' consisting of trees inside the yard, a wall, and the city's trees outside the yard. The garage, when built, will be virtually invisible from outside the property.

---

[1] See *City of Coral Gables v Geary*, 383 So.2d 1127 (Fla. 3d DCA 1980) wherein Judge Schwartz stated: "It is, of course, well recognized that the irregular shape or other peculiar physical characteristic of a particular parcel constitutes a classic 'hardship' — unique to an individual owner — which justifies, and in some cases requires the granting of a variance.

There was no legal, logical or reasonable reason for the City Commission to fail to follow the recommendation of the Board of Adjustment. There is an absolute absence of any competent evidence sufficient to support the denial of the Friend's variance. Accordingly, the Petition for Writ of Certiorari is granted. The Appellee, City of Coral Gables, is directed to reinstate the variance in question.