## REEVES v STATE OF FLORIDA

Case No. 89-7262 (County Court Case Nos. 87-16941, 87-17290 and 87-18621)

Thirteenth Judicial Circuit, Hillsborough County

August 24, 1990

### APPEARANCES OF COUNSEL

**Dominic J. Baccarella, Esquire,** for appellant.

**Michael A. Fogarty, Esquire** and **Linda Julin McNamara, Esquire,** for appellee.

### OPINION OF THE COURT

**EDWARD H. WARD,** Circuit Judge.

This is an Appeal from the County COurt in which the appellant was charged with, plead guilty to, and was convicted of Operating an Adult Theater in violation of the *City of Tampa Ordinance 8068-A* (commonly known as the City of Tampa Adult Use Ordinance).

In entering guilty pleas to all three alleged violations of the above-

cited ordinance, the appellant specifically preserved his right to appeal the lower court's order of January 31, 1989, denying appellant's Motion(s) to Dismiss; and this appeal was taken pursuant thereto.

It is further noted that appellant's Motion to Dismiss on ground(s) of procedural deficiency (ies) in the adopt of the question ordinance, 8068-A, was denied by the Honorable Edgar A. Hinson, County Judge, on May 27, 1988; and more specifically, in Judge Hinson's Order, he expressly ruled that the appellant abandoned all argument(s) on the procedural issue related to the method and manner by which the appellee did or did not comply with the notice requirement(s) of *F.S. 166.041* (Procedures for Adoption of Ordinances and Resolutions); further, in Judge Hinson's order denying defendant's Motion to Dismiss, he found sufficient evidence "of record" that the City Council (Tampa, Florida) complied with the *Laws of Florida,* Chapter 75-390, § 14(2)(a) by referring the proposed Ordinance 8068-A to the local land planning agency for review and recommendation *prior* to its formal adoption. Indeed, the record below is replete with indications— express and implied—that the required referral, review, and recommendation were made, conducted, and received prior to the passage of Ordinance 8068-A. Any other reading or interpretation of the recorded dialogue between City COuncil and representatives of the planning agency at workshops and/or Council meetings simply defies logic, reason and common sense.

Finally, this reviewing court finds that the trial court did not commit error in denying defendant—appellant's Motion to Dismiss on constitutional or fundamental grounds (i.e. First Amendment RIghts). This court is most impressed with the comprehensive nature of the trial judge's meticulous analysis and application of the operative facts and controlling case law in this area of previous constitutional freedom(s).

Certainly, the starting point in determining the constitutionality of any "dispersal—type" adult use zoning ordinance is the law as interpreted by the United States Supreme Court. For this purpose, one must turn to the leading authority of *City of Renton v Playtime Theatres, Inc.,* 471 U.S. 41, 106 S. Ct. 925, 89 L.Ed.2d 29 (1986), *reh'g denied,* 475 U.S. 1132, 1065 S.Ct. 1663, 90 L.Ed.2d 205. As the trial judge noted, this case *(Renton)* articulates a 4-part test in evaluating governmental regulation impacting First Amendment rights. Such a regulation passes Constitutional muster—and is within permissible limits—if:

(1) The regulation is within the constitutional power of the government; (2) the regulation furthers an important or substantial governmental interest; (3) the governmental interest is unrelated to the

suppression of free speech; and (4) the incidental restriction, if any, on First Amendment rights is no greater than is essential to the furtherance of the substantial governmental interest (see also *United States v O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

In the case at bar *(Reeves),* the defendant—appellant appears to have conceded, and the trial judge so found—that the ordinance in issue (8068-A) satisfies elements 1, 2, and 4 of the so-called *Renton/O'Brien* criteria.

Unquestionably, the action taken (i.e. enactment of the ordinance) is within the recognized police power of a governmental subdivision; and likewise, controlling or limiting crime, blight, and urban deterioration and decay—and the residual economic and social problems related thereto—represents a legitimate, well recognized and universally accepted substantial or important governmental interest; third, this legitimate government interest is, in this particular case, unrelated to the suppression of free speech. This conclusion is strongly supported by a reading of the ordinance itself—along with a consideration of its legislative history—and all other evidence on this point presented to the trial court; and finally, the trial judge found—after a personal tour of the incorporated land of the City of Tampa, which is available for "Adult Use" purposes, that Ordinance 8068-A provides reasonable alternative avenues of communication for those persons or entities wishing to exercise their First Amendment freedom(s), thus satisfying the fourth element of the *Renton/O'Brien* conditions of acceptable and permissible Constitutional constraints on free speech.

In summary, this court finds that the trial judge(s) ruled properly on all three issues preserved for appeal. First was the question of the City's compliance—or lack thereof—with the notice requirement(s) of *F.S. 166.041.* This claim was abandoned by the appellant inasmuch as it was not argued at the trial court level; and the appellant is precluded from raising this point on appeal *Mariani v Schleman* 944 So. 829, (1957); *Patterson v Weathers* 476 So.2d 1294, (Fla. 5th DCA 1985). Second point was the issue of the City's compliance with Chapter 75-390, *Laws of Florida,* Special Acts of 1975, § 14, dealing with referral to the Planning Commission. Appellee traversed this motion and the trial court's denial of same was necessary and proper in view of the evidence presented below; *State v Sawyer,* 526 SO.2d 191 (Fla. 3d DCA 1988). Third and final issue was the deprivation or denial of the appellant's exercise of free speech as a result of the application of Ordinance 8068-A. As thoroughly discussed above, this Ordinance, in its application and effect, comports fully with the rigorous requirements of *Renton* and *O'Brien, supra.*

74

Having found no error committed by either of the trial judges in their decisions on appellant's Motion(s) to Dismiss, the decisions on these matters by the trial court are hereby AFFIRMED.