828 So.2d 483 (2002)
FIRST PARADEE, LTD., a Texas Corporation, Petitioner,
v.
Steven JONES, Trustee; Ronald C. Francisco, Individually and as Trustee; H. Quillian Jones, Jr.; Roger D. Scott; Saundra Scott; Oak Tree Limited Apartments, Ltd.; Joseph K. Isley, Jr.; Michael Echols; Suzanne Plessas; Department of Revenue; and Lee County Garbage Collection Program, Respondents.
No. 2D01-4567.
District Court of Appeal of Florida, Second District.
October 18, 2002.
*484 Eric C. Christu and Devon G. Coughlan of Elk, Bankier & Christu, LLP, Boca Raton, for Petitioner.
Gordon R. Duncan of Duncan & Tardif, P.A., for Respondent Suzanne Plessas.
No appearance for Respondents Steven Jones, Ronald C. Francisco, H. Quillian Jones, Jr., Roger D. Scott, Saundra Scott, Oak Tree Limited Apartments, Ltd., Joseph K. Isley, Jr., Michael Echols, Department of Revenue, and Lee County Garbage Collection Program.
SILBERMAN, Judge.
First Paradee, Ltd., seeks certiorari review of the trial court's order overruling its objection to Suzanne Plessas' request to produce documents. We dismiss the petition because First Paradee did not establish irreparable injury as required for certiorari relief.
After First Paradee foreclosed on property secured by a mortgage, it pursued a deficiency judgment against Plessas and others. Plessas' request to produce sought documents relating to the amount paid by First Paradee for the mortgage and a promissory note (the loan documents). First Paradee objected that the requested information was irrelevant. At a hearing on the objection, First Paradee cited Ahmad v. Cobb Corner, Inc., 762 So.2d 944, 948 (Fla. 4th DCA 2000), which held "that the amount paid by an assignee for an otherwise enforceable debt is legally irrelevant to the issue of whether the assignee is entitled to a deficiency judgment."
In response, Plessas argued that First Paradee buys distressed properties and mortgages that are problematic. She claimed that the requested information would establish that First Paradee purchased the loan documents at a substantially discounted price because it was aware there would be problems enforcing the loan documents against her. She also argued that First Paradee suffered no loss as a result of the foreclosure sale and was not entitled to a deficiency judgment or, at a minimum, that the purchase price would have a bearing on the deficiency amount.
The trial court overruled First Paradee's objection to the discovery. First Paradee then filed a motion for rehearing/reconsideration again asserting that the requested discovery was irrelevant. It also filed an affidavit asserting that the purchase price and how First Paradee valued the loan documents was confidential and proprietary information that, if disclosed, would harm its business.
*485 Before the trial court ruled on the motion, First Paradee filed its petition for writ of certiorari in this court. We cannot consider the affidavit and the argument as to confidentiality and possible harm because they were not presented to the trial court before it entered the order under review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985); Patterson v. Weathers, 476 So.2d 1294, 1296 (Fla. 5th DCA 1985).
Even if the information sought by Plessas is irrelevant to the deficiency claim, the discovery of irrelevant materials does not necessarily cause irreparable harm. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995). In order for First Paradee to obtain relief by certiorari, the record must reveal irreparable harm. See Topp Telecom, Inc. v. Atkins, 763 So.2d 1197, 1199 (Fla. 4th DCA 2000). Because First Paradee did not establish that production of the requested information would cause material harm that would continue through the remainder of the trial court's proceedings and could not be adequately remedied on appeal, we dismiss the petition. See Langston, 655 So.2d at 94.
Petition dismissed.
ALTENBERND and GREEN, JJ., concur.