LaROSE, Judge.
 

 Capital One, N.A. (the Bank), seeks a writ of certiorari to quash a protective order that allows the disclosure of trade secrets to Mr. Forbes’s consultants and experts. The Bank also asks us to quash the trial court’s order because it did not sufficiently limit the scope of discovery.
 

 
 *211
 

 Factual Background
 

 The Bank filed a mortgage foreclosure action against Mr. Forbes. Allegedly, Mr. Forbes breached a construction loan agreement. Mr. Forbes filed a counterclaim alleging breach of contract, anticipatory breach of contract, and fraud in the inducement.
 

 Mr. Forbes requested documents from the Bank. It produced responsive documents except, as relevant here, for requests ten and thirteen:
 

 10. All technical and administrative manuals used in the internal communications system of Lender, or through which Lender policies, practices and procedures were communicated to its bank officers, employees, agents, partners, managers and/or “staff,” effective during the period from January 1, 2006 through the present, including, but not limited to, those manuals relating to construction or developer financing.
 

 [[Image here]]
 

 13. All complaints, claims or protests brought in any judicial forum, arbitration proceeding, or industry dispute resolution forum by Lender clients or third parties against Lender alleging any breach of obligations, terms, conditions, or responsibilities by Lender in the conduct or exercise of its responsibilities and obligations with respect to or arising from engaging in the business of banking within the preceding five (5) years.
 

 The Bank sought a protective order. The Bank argued that its construction-lending manual is a trade secret requiring adequate measures to protect against improper dissemination. There appears to be no dispute that the manual is a trade secret. The Bank also argued that other complaints, claims, or protests made against the Bank in any forum in the past five years were irrelevant, not reasonably calculated to lead to the discovery of any admissible evidence, and intended solely to harass the Bank.
 
 See generally, Allstate Ins. Co. v. Boecher,
 
 733 So.2d 993, 995 (Fla.1999) (holding that there is an exception to the rule of complete discovery where it may be harassing or embarrassing).
 

 After a hearing, the trial court denied the Bank’s motion as to request 13, except it narrowed the time frame to three years. The trial court concluded that the requested documents “may potentially lead to admissible evidence just based upon the counter plaintiffs theory of policy written or potentially otherwise as to the lender’s motive to pull out of the project.”
 

 As for the manual, the Bank’s counsel brought the document to the hearing for an in-camera inspection. The trial court did not inspect the materials but accepted counsel’s explanation that the materials contained the Bank’s lending guidelines and practices. The Bank’s counsel argued that the Bank would produce the materials if the trial court entered an adequate confidentiality order. The trial court denied the motion for a protective order, but agreed to grant a “confidentiality agreement between the parties for the protection of [the Bank].”
 

 The trial court asked Mr. Forbes’s counsel to take the Bank’s proposed confidentiality order from the hearing and draft an order satisfactory to both sides. The Bank and Mr. Forbes could not agree. Each submitted a proposed order to the trial court. To center the dispute, we note that Mr. Forbes’s proposed order had no provision requiring consultants, experts, or their employees retained for the litigation to consent to the confidentiality provisions before viewing the manual.
 

 The trial court adopted Mr. Forbes’s proposed order. The order provided that
 
 *212
 
 documents marked “Confidential” shall not be disclosed to any persons, except for counsel actively engaged in the litigation along with their employees and staff, parties and employees of the parties, persons with prior knowledge of the documents or the confidential information contained therein, and court officials involved in the litigation. Other relevant portions of the order provide as follows:
 

 3. Plaintiff shall produce the documents requested, however the time period shall be limited to three (3) years prior to the date of this Order.
 

 4. That the documents being produced pursuant to Paragraph 10 of Defendant’s First Request for Production of Documents which are marked “Confidential” by Plaintiffs counsel
 
 shall not
 
 be disclosed to
 
 any
 
 persons, except that such documents may be disclosed or otherwise utilized as follows:
 

 [[Image here]]
 

 (B) Such documents may also be disclosed to persons noticed for depositions during the course of such depositions, including retained outside consultants or experts and their employees retained
 
 for the purpose of assisting counsel in the litigation;
 

 [[Image here]]
 

 5. Within 30 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same ... shall be returned to the party or person which produced such documents or, at the option of the producer, destroyed.
 

 (Emphasis added.)
 

 Certiorari Jurisdiction
 

 We may grant a petition for certiorari “only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal. We examine prongs two and three first to determine our certiorari jurisdiction.”
 
 DeLoach v. Aird,
 
 989 So.2d 652, 654 (Fla. 2d DCA 2007) (citing
 
 Parkway Bank v. Ft. Myers Armature Works, Inc.,
 
 658 So.2d 646, 648-49 (Fla. 2d DCA 1995)). If jurisdictional prongs two and three are not fulfilled, then we dismiss the petition rather than deny it.
 
 Id.
 

 Analysis
 

 Other Claims Specified in Request 13
 

 The trial court denied, in part, and granted, in part, the Bank’s motion for a protective order as to these materials. The trial court narrowed Mr. Forbes’s request from five years to three years but did not otherwise narrow its breadth.
 

 Discovery allows the parties to find potentially relevant evidence. The conduct of discovery is left to the trial court’s sound discretion. Fla. R. Civ. P. 1.280(b)(1);
 
 Friedman v. Heart Inst. of Pott St. Lucie, Inc.,
 
 863 So.2d 189, 193 (Fla.2003). The order on review does not necessarily cause irreparable harm by allowing discovery of what the Bank claims to be irrelevant materials.
 
 See Am. Home Assurance Co. v. Vreeland,
 
 973 So.2d 668, 671 (Fla. 2d DCA 2008) (citing
 
 First Paradee, Ltd. v. Jones,
 
 828 So.2d 483, 485 (Fla. 2d DCA 2002)). Thus, certiorari jurisdiction is improper. We dismiss this portion of the Bank’s petition.
 

 Manuals Specified in Request 10
 

 The Bank argues that the trial court departed from the essential requirements of law by requiring the disclosure of trade secrets without providing adequate protective measures. An order requiring disclosure of trade secrets may cause irreparable injury that cannot be corrected on appeal; the disclosure lets the “cat out of the bag.”
 
 Id.
 
 Here, the trial court did
 
 *213
 
 not err. Its order sufficiently protects the Bank.
 
 See Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995). The Bank is concerned that experts or consultants retained by Mr. Forbes will misuse the materials. The order does not ignore that concern; only specified individuals may have access to the materials for the stated and limited purposes of assisting counsel in the litigation. No other use is contemplated. Further, the order requires that designated confidential materials, and any copies, be returned or destroyed at the end of the litigation.
 

 Perhaps the order could have been clearer. However, we understand it to limit experts’ and consultants’ access to confidential information. Paragraph 4 of the order provides a blanket protection that documents may not be disclosed to
 
 “any
 
 person,” with enumerated exceptions. Importantly, the identification of people to whom access is granted is drawn narrowly to include only the parties and their employees, court employees, and outside consultants and experts. As for the consultants and experts, the order allows access only for a limited time and for the limited purposes of assisting counsel in this litigation.
 
 [1]
 
 The trial court did not depart from the essential requirements of law by entering the order proposed by Mr. Forbes’s counsel. As to this issue, the petition for certiorari is denied.
 

 Dismissed in part; denied in part.
 

 SILBERMAN and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We do not decide who would be liable should a consultant or expert violate the protective order.
 
 See, e.g., Quinter v. Volkswagen of Am.,
 
 676 F.2d 969, 973 (3d Cir.1982) (holding a nonparty liable for civil contempt where the nonparty had knowledge of the protective order.)