GRIFFIN, J.
Petitioner, Jermaine Terae Moore [“Moore”], petitions this Court for the issuance of a writ of certiorari after the circuit court denied his motion for an order to depose Child Protection Team [“CPT”] members, Lindsey Matthews and Victor Figueroa, two Category “A” State of Florida witnesses. Instead, the circuit court authorized the alternative of written interrogatories with a hearing to be scheduled on the motion once answers and objections were received.
The State concedes that Moore is entitled to relief, noting that “it is clear under Florida law that the defense has the right to depose these two witnesses without leave of court and interrogatories are not provided for in criminal prosecutions.” Notwithstanding the State’s concession, we see no basis for certiorari.
Moore is charged below in two separate cases with multiple counts of capital sexual battery. Moore elected to participate in discovery, and the State filed witness lists identifying Lindsey Matthews and Victor Figueroa as a Category “A” witness in each case. Moore filed written motions in the circuit court to depose Lindsey Matthews in case number 48-2011-CF-14528 and Victor Figueroa in case number 48-2011-CF-14787. On June 28, 2013, the circuit court denied both motions in an order that alternatively authorized the defense to propound written interrogatories to the two CPT members and directed that a hearing would be scheduled once the answers and objections to the interrogatories were returned. Moore filed motions for reconsideration in both cases, citing to Florida Rule of Criminal Procedure 3.220(h)(1) and the State’s lack of objection. The circuit court denied these motions. Moore then filed the instant petition for writ of certiorari in this Court seeking review of the circuit court’s orders.
Certiorari is an extraordinary remedy. Holland, v. Barfield, 35 So.3d 953, 955 (Fla. 5th DCA 2010). This Court may grant a petition for certiorari “only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” Capital One, N.A. v. Forbes, 34 So.3d 209, 212 (Fla. 2d DCA 2010). First, this Court examines prongs two and three to determine its certiorari jurisdiction. Holden Cove, Inc. v. 4 Mac Holdings Inc., 948 So.2d 1041 (Fla. 5th DCA 2007); Barker v. Barker, 909 So.2d 333 (Fla. 2d DCA 2005). If jurisdictional prongs two and three are not fulfilled, this Court should dismiss the petition rather than deny it. Capital One, N.A., 34 So.3d at 212.
Generally, trial court orders refusing to compel discovery are not reviewed by certiorari because any harm caused by the denial can be adequately remedied on appeal from the final order. See Beekie v. Morgan, 751 So.2d 694, 698 (Fla. 5th DCA 2000). “If, on plenary appeal, the denied discovery is deemed to be within the scope of permissible discovery, the petitioners will have an adequate remedy.” Palmer v. WDI Sys. Inc., 588 So.2d 1087, 1088 (Fla. 5th DCA 1991).
*464 The obvious question to ask in this case is why the defendant sought a court order to do what he claims he is entitled to do without a court order. In the State’s response, it is suggested that a court order is obtained as a matter of “normal practice” in the Ninth Circuit, based on confidentiality concerns of the Department of Children and Families. Whatever the reason, experienced lawyers know that when a court is asked to order something to be done that does not require an order, the outcome may be neither predictable nor desirable. Concededly, there is no explanation in this record for the court’s decision to require written interrogatories to be propounded as a condition to the court’s considering the motion. The State has offered none. The trial court did not favor us with any reasons in any of the four orders it issued on the subject, and we can think of none.
We assume that the rules of criminal procedure do not offer the panoply of alternative discovery devices found in the civil rules in order to simplify and streamline the discovery process because criminal cases are governed by constitutional time constraints. Whatever the reason, it is apparent that attempting to require a criminal defendant such as Moore to use a discovery device not authorized by the criminal rules places an undue burden on the defense. With limited time and resources, the public defender is now faced with creating out of whole cloth a form of discovery for which there are no rules, no forms, no format, no method for compliance. Suppose these third-party witnesses choose not even to respond to this jury-rigged discovery?
At this point, the trial court has not finally refused the requested discovery, but merely has conditioned consideration of the motion on completion of the written interrogatory procedure. Hopefully, the trial court will reconsider its position. If not, the trial court may well enter an order for the discovery the defense seeks after review of the interrogatories and answers.
Accordingly, although it was error for the court to require use of a discovery device not recognized by the Rules of Criminal Procedure as a condition of taking discovery depositions authorized by rule, we cannot say that the order under review represents a material departure from the essential requirements of the law causing harm irremediable on plenary appeal.[1]
PETITION FOR WRIT OF CERTIO-RARI DISMISSED.
COHEN and WALLIS, JJ., concur.

. Before issuing an unusual order like the one in this case, it would be helpful if trial judges give some thought to the consequences of their actions. A defendant in Moore's position might simply acquiesce in the trial court’s denial of discovery and then might well succeed in arguing on plenary appeal, after a conviction, that the denial of the motion to depose the witnesses was "built in” reversible error, requiring a new trial. Apart from the expense and uncertainty involved in such an endeavor, as the State points out, a new trial would require the victims to testify again.