DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LAURA M. WATSON, P.A., d/b/a WATSON & LENTNER,**
Appellant,

v.

**STEWART TILGHMAN FOX & BIANCHI, P.A.,** a professional
association, **WILLIAM C. HEARON, P.A.,** a professional association, and
**TODD S. STEWART, P.A.,** a professional association, et al.,
Appellees.

No. 4D13-2568

[October 15, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Catherine M. Brunson, Judge; L.T. Case No. 502004CA
006138.

Stephen Rakusin and Joseph Van de Bogart of The Rakusin Law
Firm, Fort Lauderdale, for appellant.

Detra Shaw-Wilder of Kozyak Tropin & Throckmorton, P.A., Coral
Gables, for appellees Stewart Tilghman Fox & Bianchi, P.A., William C.
Hearon, P.A., and Todd S. Stewart, P.A.

KLINGENSMITH, J.

Laura D. Watson, P.A., d/b/a Watson & Lentner ("Judgment Debtor")
appeals the non-final order of the trial court denying her motion to
dissolve a writ of garnishment directed to the garnishee Bank of America,
N.A. ("Bank"). The garnishment motion and writ of garnishment by the
Judgment Creditor were served on the Bank via certified mail without
objection, which thereafter filed its answer to the writ of garnishment.
The Judgment Debtor sought to dissolve the writ of garnishment, alleging
lack of proper service on the garnishee in strict compliance with section
77.04, Florida Statutes (2012). For the reasons set forth below, we
affirm.

Stewart Tilghman Fox & Bianchi, P.A., William C. Hearon, P.A., and
Todd S. Stewart, P.A. ("Judgment Creditor") filed an ex-parte motion for

garnishment initiating garnishment proceedings against Judgment Debtor's accounts at the Bank. The garnishment motion stated that the Bank would be served via certified mail at the location where the Bank identified it would accept service of legal process. A certificate of service was later filed with the court by the Judgment Creditor certifying that both the motion and the writ of garnishment were served on the Bank by certified mail. The Bank did not object to the manner of service of the writ of garnishment or to the trial court's jurisdiction.

The Bank timely filed its answer to the writ of garnishment, as well as a demand for payment of attorney's fees pursuant to the garnishment statute. The answer disclosed that the Bank held accounts in the name of Judgment Debtor in the amount of $11,553.13. Judgment Creditor then served a notice of garnishment on the Judgment Debtor, providing notice of the Bank's answer to the writ of garnishment and advising that the debtor had twenty (20) days to move to dissolve the writ pursuant to section 77.055, Florida Statutes (2012).

The Judgment Debtor made a general appearance and sought to dissolve the writ. At the hearing on Judgment Debtor's motion, counsel argued that the writ should be dissolved because it was not served on a proper bank official pursuant to section 48.081(1), Florida Statutes (2012), and was improperly served on the Bank via certified mail instead of hand-delivery by the sheriff or certified process server. As a result, Judgment Debtor claims the service of process of the writ did not strictly comply with the garnishment statute, depriving the court of jurisdiction. The court rejected Judgment Debtor's arguments and entered an order denying the motion.

Appellant relies on *Space Coast Credit Union v. The First, F.A.,* 467 So. 2d 737 (Fla. 5th DCA 1985), in urging this court's reversal of the trial court's order. The Fifth District explained that "[a]lthough a garnishment proceeding is ancillary or collateral to the main action establishing the debt, a garnishment proceeding, like an attachment proceeding, is separate and distinct from the main action." *Id.* at 739.

> A court's subject matter jurisdiction must be properly invoked and perfected. Jurisdiction is perfected by a proper service of sufficient process on all indispensable parties, and this service of process gives the court jurisdiction of the parties. *See Florida Power and Light Co. v. Canal Authority, supra,* at 424. In a garnishment proceeding, jurisdiction over the defendant garnishee is obtained by service on him, *actual or constructive, or by his appearance.* If the court fails

to acquire jurisdiction over the defendant in the proper manner, its judgment is void. *See Johnson v. Clark*, 145 Fla. 258, 198 So. 842 (1940); *McGehee v. Wilkins*, 31 Fla. 83, 12 So. 228 (1893).

*Id.* (emphasis added). In *Space Coast*, a judgment creditor sought to garnish the judgment debtor's interest in a checking account at the garnishee bank. *Id.* at 738. There, it was alleged that the court lacked jurisdiction because "[t]he writ was not served by the sheriff or by a special process server appointed by the sheriff or by the court. Also, the writ was delivered to a lower echelon employee of the garnishee bank who was not authorized to accept service of process . . . ." *Id.*

In contrast to the situation that presents here, the garnishee bank in *Space Coast* failed to file an answer to the writ and a default judgment was entered against it. *Id.* Eighteen months after the default was entered, the garnishee's motion for relief from judgment was granted by the trial court, ruling that the judgment was void at its inception. *Id.* Because service of process on the bank was defective, subjecting the judgment *against the bank* to being attacked "at any time," the void judgment was deemed legally ineffective and a nullity, thus depriving the court of jurisdiction. *Id.* at 739; *see also McGee v. McGee*, 22 So. 2d 788, 790 (Fla. 1945) (stating that "a judgment or decree that appears from the face of the record to be absolutely null and void for lack of jurisdiction over the person of the defendant may be set aside and stricken from the record on motion at any time").

The Judgment Debtor also urges us to adopt the reasoning from decisions in other state and federal jurisdictions holding that a garnishee may waive defects in service or in the form of a writ of garnishment if the defect affects the garnishee personally, but may not waive defects that affect the primary defendant's personal rights or the judgment debtor's funds deposited with the garnishee (the "res"). Contrary to that position, the Florida Supreme Court has previously held that a garnishee can waive the requirement that the court obtain jurisdiction only through strict compliance with service of process requirements.

In *Mercer v. Booby*, 6 Fla. 723, 723-24 (1856), the question presented was whether defects in service of process of a writ of garnishment was waived by the general appearance of a garnishee. In *Mercer*, the garnishee entered a general appearance before the trial court, but failed to file an answer as required in garnishment proceedings. *Id.* The trial court subsequently entered a final judgment against the garnishee, who then appealed the final judgment based on an alleged defect in service of

process of the garnishment writ. *Id.* The Florida Supreme Court affirmed the trial court's entry of judgment and held:

> The statute (vide Thompson's Digest, 372,) provides that the service of the writ of garnishment shall be the same as is provided in the case of a *summons ad respondendum,* and it has been heretofore decided by this court that the *appearance* of a defendant in a suit cures any defect in the service of the writ. (D. B. Wood & Co. v. Bk. of the State of Geo., 1 Fla. Reps., 378.) *We can perceive no good reason why the same rule should not be applicable to the service of writs of garnishment.*

*Id.* at 724 (emphasis added). The court ruled that the trial court obtained jurisdiction in the garnishment proceedings after the garnishee made its voluntary appearance. *Id.* It did not distinguish between the trial court's exercise of jurisdiction over the garnishee and its authority to exercise jurisdiction over the res.

Florida law is well established that service of process, and any defect in service of process, can be waived by the general appearance of a party before the trial court. *Solmo v. Friedman,* 909 So. 2d 560, 564 (Fla. 4th DCA 2005) ("Active participation in the proceedings in the trial court, especially without objecting to jurisdiction due to the lack of service of process, constitutes a submission to the court's jurisdiction and a waiver of any objection."); *see also Caldwell v. Caldwell,* 921 So. 2d 759, 760 (Fla. 1st DCA 2006) ("By entering a general appearance without contesting personal jurisdiction [the appellant] waived this defense."); *Lennar Homes, Inc. v. Gabb Constr. Servs., Inc.,* 654 So. 2d 649, 651 (Fla. 3d DCA 1995) ("A defendant who fails to contest the sufficiency of service of process at the inception of the case, whether by motion or responsive pleading, has waived this defense once he or she has entered a general appearance."); *Parra v. Raskin,* 647 So. 2d 1010, 1011 (Fla. 3d DCA 1994) ("[W]hen a defendant waives an objection to insufficient service of process by failing to timely object, the defendant thereby consents to litigate the action and the court may not, either on the defendant's motion or its own initiative, dismiss the suit for insufficient service of process.").

In garnishment proceedings, it is the garnishee (and not the judgment debtor) who must file a timely answer to the writ or face default. It is the garnishee who is entitled to request attorney's fees for preparing its answer. Further, it is the garnishee who bears the responsibility to the judgment creditor for delivery of the res after a judgment is entered.

-4-

Therefore, the garnishee is permitted to waive its rights to proper service and to submit itself voluntarily to the court's jurisdiction. Because a garnishment proceeding is separate and distinct from the main action, the garnishee is not treated as the alter ego or agent of the judgment debtor. For these reasons, the waiver of any service of process requirements by the garnishee does not in any way waive the judgment debtor's rights relating to the res or its right to otherwise contest the entry of a judgment against the garnishee.

Because we are bound by the controlling precedent from the Florida Supreme Court as expressed in *Mercer*, we hold that a judgment debtor in a garnishment action has no vested right under Florida law to compel strict compliance with service of process requirements on a garnishee in cases where the garnishee opts to voluntarily submit itself to the jurisdiction of the court. To hold otherwise would be to allow a judgment debtor to exercise a degree of control over the business practices or operations of a third party. The trial court's order denying the Judgment Debtor's motion to dissolve the writ of garnishment is hereby affirmed.

*Affirmed.*

WARNER and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***