DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE M. DURRANCE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-717

[August 1, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 502007CF017040A.

George M. Durrance, Miami, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The pro se defendant appeals an order denying his Amended Rule 3.850 motion for postconviction relief. We affirm the order, but without prejudice to allow the defendant to file his original amended motion.

The defendant filed his first Rule 3.850 motion in 2012. In June 2014, the trial court denied relief except for ground one, point one, in which he claimed affirmative misadvice of counsel leading him to reject a five-year plea deal. The trial court found the claim insufficient, and gave the defendant sixty days to amend.

Concerned that he would miss the deadline because he was being moved to another institution, the defendant moved for an extension of time to amend. The trial court granted the motion. He submitted the amended motion to prison officials for mailing on August 20, 2014, the original due date. (A copy of the amended motion bearing a prison mailing stamp date of August 20, 2014 is included in his appendix.)

On March 18, 2015, the defendant filed a Notice of Inquiry regarding

his amended motion. The trial court responded that it had not received the amended motion and instructed the defendant to refile it. Instead of filing his original amended motion, he filed a new amendment, raising the same claim as the original. The trial court denied the new amended motion as untimely. The defendant appealed, and we affirmed.

On April 27, 2017, the defendant filed the instant Rule 3.850 motion. He argues the amendment should be treated as timely, because the prison mailing stamp was within the time period to amend the motion. But, unfortunately, the trial court was not provided with the original amended motion dated August 20, 2014.

"It is fundamental that an appellate court cannot reverse a trial court on the basis of facts which were not presented to the trial court, and therefore are not part of the record on appeal." *Patterson v. Weathers*, 476 So. 2d 1294, 1296 (Fla. 5th DCA 1985).

The defendant has never presented the original, date-stamped amended motion to the trial court. The trial court docket has no record of the original amended motion ever being submitted. We therefore affirm the order without prejudice to allow the defendant to file the original amended motion with the stamped date showing its timeliness.

*Affirmed without prejudice.*

MAY, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2