# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2280
Lower Tribunal No. 21-15370
_____

## Southeast Enterprise Holdings, LLC,

Petitioner,

vs.

## Marquel, Inc.,

Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Anthony Lawhon, P.A., and Anthony M. Lawhon (Naples), for petitioner.

Lorium Law, and Shay B. Cohen, and Craig A. Pugatch (Fort Lauderdale), for respondent.

Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

Petitioner, Southeast Enterprise Holdings, LLC, seeks certiorari relief from an order overruling certain objections to a third-party subpoena issued by respondent, Marquel, Inc. Southeast contends the documents subject to disclosure are overbroad and irrelevant. It is well-settled that overbreadth and irrelevance alone are not bases on which certiorari jurisdiction should be granted. See Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 456 (Fla. 2012) ("This Court and other district courts of appeal have restated with frequency that overbreadth is *not sufficient*, nor is it a basis, for certiorari relief."); Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (citation omitted) ("Overbreadth of discovery alone is not a basis for certiorari jurisdiction. Similarly, mere irrelevance is not enough to justify certiorari relief."). And here, Southeast has failed to demonstrate the documents subject to subpoena are privileged, confidential, or otherwise protected from disclosure. Consequently, the record does not support the contention that the ruling by the trial court will inflict harm irremediable on plenary appeal, and certiorari does not lie. See Moore v. State, 135 So. 3d 462, 463 (Fla. 5th DCA 2014).

Writ dismissed.